# Southern Ry. Co. *v.* Dickens.

## *New Trial.*

(Decided Feb. 14th, 1907. 43 So. Rep. 121.)

*New Trial; Surprise and Mistake.*—Facts examined and stated, and it is held that under them plaintiff was properly granted a new trial on account of mistake and surprise.

APPEAL from Mobile Circuit Court.

Action by Charles C. Dickens against the Southern Railway Company. From an order granting plaintiff a new trial, defendant appeals. Affirmed.

BESTOR, BESTOR & YOUNG, for appellant.—Admissions of a party against interest are admissible in evidence against him.—*Polly v. McCall*, 37 Ala. 20; *Humes v. O'Brian*, 74 Ala. 54; *L. & N. R. R. Co. v. Hurt*, 101 Ala. 36. So are his admissions in disparagement of his title.—*Jemison v. Smith*, 37 Ala. 185; *Arthur v. Gayle*, 38 Ala. 259. The motion to strike bill of exceptions should not be granted.—*M. & B. R. R. Co. v. Worthington*, 95 Ala. 602.

GREGORY L. & H. T. SMITH, and FRANCIS J. INGE, for appellee.—The court cannot consider the question presented by bill of exceptions because not signed in time.—*Lindsey v. Kenan*, 133 Ala. 532; *Andrews v. Meadow*. 133 Ala. 442; 133 Ala. 368; 132 Ala. 609; 128 Ala. 410; 135 Ala. 250. , The description of the property involved in the suit may be amended.—*Russell v. Erwin*, 33 Ala. 44; *Haskins v. Ferris*, 23 Vt. 673; *Walker v. Fletcher*, 74 Me. 142. Counsel discuss other assignments of error but cite no authority.

HARALSON, J.—This action was before a justice of the peace to recover damages for the killing of a bull belonging to the plaintiff, Charles C. Dickens, by the defendant, the Southern Railway Company. It becomes necessary to state the facts.

The animal was killed on the 17th of December. 1902, and the trial was had before the justice, on the 31st of December, 1903. There was a judgment for the plaintiff, and the case was carried by certiorari to the circuit court, and a trial was there had on the 24th of January, 1906. The record shows that the defendant filed a plea of the statute of limitations of one year, on the day of the trial. The affirmative charge was given for defendant, and judgment was rendered accordingly, evidently on the plea. The plaintiff made a motoin for a new trial, on account of mistake and surprise, which

was granted. The appeal is from the order setting aside the judgment and granting a new trial. The grounds for the motion, as stated therein were, "Because at the time of the trial neither he (the plaintiff) nor his attorney knew that there was a plea of the statute of limitations filed in said cause, and because the plaintiff was thereby taken by surprise, and was not prepared to contest said plea of the statute of limitations, and because said suit was filed with H. P. Lewis, a justice of the peace, on or about October 1st, 1903 (less than a year after the animal was killed) and summons was issued by said justice and made returnable October 10th, 1903, which summons was served on the Southern Railway Company, within the time; that prior to the 10th of October, 1903, the said justice resigned; that afterwards, one Anderson was appointed to succeed the said Lewis, and after his appointment (he) issued a new summons, dated December 19th, 1903, instead of proceeding under the summons issued by the said Lewis, all of which was unknown to the plaintiff, and because the justice, Anderson, did not certify all of the papers to the said circuit ocurt whereby the plaintiff was misled." The said Dickens testified, and there is no evidence to the contrary, that he did not know that said summons had been issued until he learned that fact on the trial, after all the evidence had been introduced and the general charge had been asked by defendant.

At the trial of this cause, the plaintiff stated his case to the jury, and in reply, the defendant's counsel stated that the defendant pleaded not guilty, and made no further statement. The fact that he had, on that day filed the plea of the statute of limitations, was not stated as one of the grounds of defense to the action; and as stated, in the motion for a new trial, neither the plaintiff nor his attorneys, at the time of the trial, knew that there was such a plea in the case. After the trial was over, the plaintiff made an investigation of the matter, and discovered the true state of facts, and, thereupon, made a motion for a new trial.

The evidence introduced on the trial of the motion, sustained the principal facts stated in the motion there-

for, and there was no conflicting evidence. The court on this hearing, granted the motion, and, as before stated, the appeal is to reverse that order.

The general rule may be stated to be, that in order to obtain a new trial on the ground of mistake and surprise, it must be shown that they related to a material matter to the issue involved; that the injury resulted therefrom, and that the party seeking the new trial has not been guilty of negligence in the premises. It is also held that "the correct practice in such case is, for the party at once, upon the discovery of the cause, during the progress of the trial, which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to introduce, and if he should fail, then to apply for a new trial on the ground of surprise. To tolerate such a practice would have the effect of giving to the party surprised an unreasonable and unfaid advantage and tend to an unnecessary and improper consumption of the time of the court."—*Hoskins v. Hight,* 95 Ala. 286, 287, 11 South. 253; *Shipp's Adm'r v. Suggett's Adm'r,* 9 B. Mon. (Ky.) 5.

We are not prepared to say, that the court abused its discretion in granting the new trial. The affirmative charge for defendant was manifestly given because it appeared that the suit had been instituted more than a year after the bull had been killed. That the plaintiff was surprised by this plea satisfactorily appears. The plea was not filed until the day of the trial, and when called by plaintiff's counsel to state his defense, defendant's counsel replied, that he pleaded "not guilty," and made no further statement. This statement was well calculated to mislead plaintiff's attorney. Moreover, the suit had been instituted by plaintiff before Justice Lewis, within about nine months after the animal was killed, and was still pending in that court, undecided. When Lewis resigned his office, and Anderson was appointed his successor, it was the duty of the latter to take the case up as he found it on the docket of the justice's court, and try it; but instead of

doing so, he issued, of his own motion, a new summons in the case, as if one had never been issued and served on defendant. What rightful authority he had to do so, does not appear. The resignation of Lewis did not abate the suit, and the action of Anderson in issuing another summons to defendant was entirely unauthorized. The plaintiff, as he stated in his affidavit for a new trial, as has been heretofore stated, did not know of the issuance of said new summons, nor did he learn of it until the trial of the cause, after all the evidence had been introduced and the general charge had been requested by the defendant. The request for this charge did not inform him, that this summons had been issued, and that a plea of the statute of limitations had been filed.

It does not appear that the plaintiff was guilty of such negliglect in ascertaining those matters—especially in view of the fact that the filing of this plea had been veiled from him—as precludes him from asking and the court from granting the new trial. If it had not been done, the gravest injustice would have been done the plaintiff, in denying him the right to try his case on the merits.

The ruling of the court below is sustained.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.