# Badham *v.* Lunsford.

## *New Trial.*

(Decided June 4, 1908.  46 South. 762.)

1. *New Trial; Grounds; Absence of Witness.*—Where the husband acted as the agent of the defendant in a transaction out of which the suit arose, the defendant must suffer the consequences of his failure to appear as a witness and is not entitled to have a judgment for plaintiff set aside because of his absence, conceding that defendant was justified in assuming that on account of his interest in the action, the husband would appear as a witness, if possible and that he was not negligently absent.

2. *Same.*—Where it appeared that defendant's husband had been sick and had gone to his farm to recuperate, conscious of the fact that

a day certain was fixed for the trial of the cause and the evidence failed to show that his illness was of such a nature as to prevent his return, and in fact, he did return a little after the trial, the burden of proof is on defendant to show that she was prevented from making her defense without any fault on her part by the failure of the husband to appear as a witness, is not carried, and defendant is not entitled to have new trial therefor; especially, as she did not apply for a continuance on account of the absence of the witness, and did not even ask that plaintiff be put upon a showing as to what the absent witness would testify, although the witness had previously stated to the defendant's attorney what facts in the case he was familiar with.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by H. L. Badham against N. L. S. Lunsford. Judgment rendered for plaintiff on a verdict, and a motion to set aside the judgment was granted. From a judgment on the motion, plaintiff appeals. Reversed, and motion to set aside the judgment overruled, and judgment for plaintiff reinstated.

W. K. TERRY, for appellant. A proper showing for new trial on account of mistake or surprise was not made.—*Hoskins v. High,* 11 South. 253. The absence of the witness on account of sickness is no grounds for setting aside the judgment unless it appears that the sickness disqualified him from attending to his duties.—73 Ill. 570; 29 Ia. 470; 14 Ency. of P. & P., 730.

STERLING A. WOOD, for appellee. The court properly granted a new trial on the showing made.—*Allen v. Lathrop-Hatton Lbr. Co.,* 8 South. 129; *Rawls & Rawls v. Scott,* 44 South. 386; *Dillard v. Savage,* 13 South. 514.

DENSON, J.—The record shows that this cause was tried in the circuit court on issue joined before a jury. Verdict was rendered and a judgment for plaintiff was rendered on the verdict. On a subsequent day, during the term, a motion by the defendant to set aside the judg-

ment was granted, and the plaintiff's appeal is from the judgment on that motion.

The motion is mainly rested upon the fact that defendant's husband, who had acted as her agent in respect to the transaction out of which grew the controversy, and who knew all about the facts in regard to the defendant's defense, was not present at the trial. Conceding that defendant is excusable for not having a subpoena for her husband, the concession carries with it the implication, at least, that the husband was intensely interested for his wife, and on this account she presumed he would be present on the day of the trial, if the circumstances were such as to reasonably admit of such presence. Notwithstanding this, if he was not providentially detained, but was negligently absent, the defendant, and not the plaintiff should suffer the consequences of such negligent absence. The insistence of the defendant is that the husband was absent on account of illness. He has passed through an attack of "la grippe," and about two weeks before the trial had gone to his farm in Hale county to regain his health and strength. He was, before he went to Hale, fully cognizant of the fact that the 16th of December was the day set for the trial of this cause; and we think the evidence is without conflict to the effect that his health was not in such a state as to prevent his return to Birmingham in time for the trial. This, it seems to us, is demonstrated by the fact that he was attending to his business on the farm, and by the further fact that, immediately upon the receipt of Mr. Wood's letter urging him to return, he went to Birmingham, arriving there a day after the day first fixed for the trial. In this state of the case, the defendant failed to carry the burden, which rested upon her, to show that she was deprived of an opportunity to make her defense (assuming that she had a meritorious one) without

[Badham v. Lansford.]

fault on her part, and the court should have over-ruled the motion to set aside the judgment.—*Hoskins v. Hight,* 95 Ala. 284, 286, 11 South. 253, and cases there cited; *McLeod v. Shelly Mfg. & Imp. Co.,* 108 Ala. 81; 19 South. 326; *Ex parte Walker,* 54 Ala. 577.

But, even if we are mistaken in the view above taken, the record fails to disclose that, on the day the judgment was rendered, the defendant (on discovering the absence of her husband) applied to the court for a postponement or continuance of the cause, or that she even asked that the plaintiff should be put upon a showing as to what she expected to prove by him if he were present, notwithstanding it affirmatively appears that the husband had previously made a statement to defendant's attorney of the facts of the case. In accordance with previous decisions of this court, the failure to ask a continuance deprived the defendant of any right to have the judgment set aside; and the trial court, therefore, erred in setting it aside.—*Hoskins v. Hight,* 95 Ala. 284, 11 South. 253; *Ex parte Walker,* 54 Ala. 577.

The judgment of the court, setting aside the judgment, is reversed, and the motion to set aside the judgment is overruled, and the former judgment, for plaintiff, reinstated.

Reversed and rendered.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.