# Stewart Veneer Co. *v.* Windham & Co.

## *New Trial.*

(Decided April 20, 1915.   68 South. 16.)

1. *New Trial; Review; Findings of Court.*—The rule being that the appellate courts will not set aside the ruling of the trial court, refusing a new trial, unless clearly convinced that it was wrong, and that the verdict was unjust, the court of appeals will not disturb the action of the lower court where the finding was supported by the testimony of at least one witness, and the circumstances in the case did not conclusively rebut his testimony.

2. *Same; Evidence Considered.*—In reviewing a denial of a new trial on the ground that the verdict was contrary to the evidence, the court will consider only evidence had on the trial, and not newly discovered evidence.

3. *Same; Newly Discovered Evidence; Diligence.*—Where no due diligence is shown in earlier discovering evidence, a new trial will not be granted because of newly discovered evidence.

4. *Same.*—The fact that letters and statements of account, claimed to constitute the newly discovered evidence, were at a place different from the place of the trial, at the time of the trial, does not excuse

[Stewart Veneer Co. v. Windham & Co.]

their non-production at the trial, where defendant knew, in advance, of the necessity of proof of the facts evidenced thereby.

5. *Same; Surprise.*—A party surprised by evidence of the opposing party should at once move for a continuance or a postponement of the trial, since he cannot speculate on a favorable verdict, and if the verdict is unfavorable, apply for a new trial.

6. *Same.*—Where the plaintiff joined issue on defendant's pleas of payment and set off, and plaintiff denied the payments and set-off claimed by the defendant, in depositions taken before trial, the defendant could not be said to be surprised in a legal sense by the fact that plaintiff went upon the stand as a witness and denied such payments and set-off.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Windham & Co. sued Stewart Veneer Co., and obtained a judgment, and on motion for a new trial, the court determined that the defendant was not entitled to have the verdict set aside, and the defendant appeals. Affirmed.

JOSEPH H. JAMES, for appellant. Counsel discusses the evidence, and insists that it fails to support the verdict rendered and that because of the newly discovered evidence, and the surprise, the defendant should have been granted a new trial, but he cites no authority in support thereof.

THOMAS E. KNIGHT, for appellee. Under the well-known rule the court will not disturb the verdict unless clearly unjust, and will not reverse a judgment refusing a new trial, unless clearly convinced, that it is wrong and unjust.—*Cobb v. Malone*, 92 Ala. 630. To justify the setting aside of a verdict, because of newly discovered evidence, diligence must be shown, and it must appear that the evidence is really newly discovered evidence, and not merely cumulative.—*McLeod v. Shelby Mfg. Co.*, 108 Ala. 81. A party cannot speculate on the verdict of the jury and then claim surprise if the verdict is unfavorable.—*Southern Ry. Co. v. Dickens*, 149

Ala. 651; *Central of Ga. v. Ashley,* 160 Ala. 580. The record shows no effort to have the cause continued or postponed because of surprise.—*Hoskins v. Kight,* 95 Ala. 284.

THOMAS, J.—The appellant was defendant below, and prosecutes this appeal solely from the order and judgment of the lower court overruling his motion for a new trial. The action was one of assumpsit on the common counts and on a special count, all of which, so far as relied on in the evidence, claimed the demand sued on for services in cutting and hauling timber for defendant. The case was tried by a jury on a plea of the general issue and on two special pleas—one of payment and one of set-off. The defendant in his evidence practically abandoned the plea of the general issue by admitting the correctness of the account sued on for the services mentioned, and relied to defeat the action solely upon his pleas of payment and set-off. While there was evidence tending to support these pleas, there was likewise evidence tending to rebut them of a direct and positive character, and of such a nature that, before we can hold that the lower court erred in not granting the motion for a new trial on the ground that the verdict was contrary to the evidence, we must say that one at least, if not more, of plaintiff's witnesses willfully and deliberately perjured himself, and must say so when his character for truth and veracity was not impeached at the trial, but his testimony only, and that alone by one of the defendant's witnesses. It is true that there are some circumstances in the case tending to uphold and corroborate the statement of this witness of defendant and to rebut that of plaintiff's said witness; and, if these circumstances were of a conclusive character, we would have no hesitancy in accepting their passionless,

unerring, and unbiased voice against the testimony of a witness who, however honest or even disinterested he might be, possesses, we know, in common with the balance of mankind, the frailties of human memory, which sometimes and quite often forgets. But the circumstances here are by no means conclusive, but are such that, if plaintiff's said witness be believed, they are themselves explained away.

Was said witness to be believed? This was a question for the jury. They determined that he should be, and the trial court, in passing on the motion for a new trial, determined that their verdict should stand. That court had before it both the witness and the opposing witness, and saw what cannot be transcribed on paper, and what cannot, therefore, be presented to a reviewing court, the manner and demeanor of each of these witnesses. Under the rules of law governing us in the revision of its rulings in this particular, we are not permitted to set them aside, unless we are clearly convinced that they were wrong, and that the verdict was unjust and should not be allowed to stand. We have read the record carefully, and cannot so affirm.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Bray & Landrum v. Ely,* 105 Ala. 553, 17 South. 180; *Sheppard v. Dowling,* 103 Ala. 563, 15 South. 846; *Holland v. Howard,* 105 Ala. 538, 17 South. 35.

In passing upon the foregoing ground of the motion —that is, that "the verdict of the jury was contrary to the evidence"—we have considered, of course, only the evidence that was before the jury, and not the alleged newly discovered evidence (*Ewart Lumber Co. v. Am. Cement Plaster Co.,* 9 Ala. App. 160, 62 South. 560); but what we have said disposes of all the other grounds of the motion, except the one based on the alleged newly discovered evidence.

As to this ground it may be said that a new trial will not be granted for newly discovered evidence where, as here, no due diligence is shown for its earlier discovery. —*McLeod v. Shelby County,* 108 Ala. 81, 19 South. 326; 4 Mayf. Dig. 315, § 5.

And in order to obtain a new trial on the ground of surprise in the evidence of the opposing party it is held that: "The correct practice in such case is for the party at once, upon the discovery of the cause, during the progress of the trial, which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to introduce, and, if he should fail, then to apply for a new trial on the ground of surprise. To tolerate such a practice would have the effect of giving to the party surprised an unreasonable and unfair advantage and tend to an unnecessary and improper consumption of the time of the court."—*Southern Ry. v. Dickens,* 149 Ala. 654, 43 South. 121; *Central of Ga. Ry. Co. v. Ashley,* 160 Ala. 580, 49 South. 388.

Here, if defendant was in any way taken by surprise on account of evidence introduced by plaintiff, he failed to make it known at the time during the progress of the trial. He could not, however, under the undisputed facts here, have been surprised in a legal sense by what he, in effect, claims in his motion and affidavit was a surprise to him, that is, that the denial by the plaintiff on the stand of the payments and set-off claimed by defendant against the account sued on was such; because, in the first place, it appears that issue was joined by plaintiff before the trial on defendant's pleas setting up these defenses, and, in the next place, it appears that before the trial the defendant took the depositions of plaintiff, and that, in response to interrogato-

[Stewart Veneer Co. v. Windham & Co.]

ries then propounded by defendant, the plaintiff in deposing denied all the payments and set-off claimed by defendant. These depositions, coupled with the joining by plaintiff of issue on defendant's said pleas, certainly, in law, put the latter on notice that at the trial the plaintiff would deny the payments and the set-off, and sufficiently apprised him (the defendant) of the necessity of preparing to substantiate his pleas setting up those defenses by all the evidence accessible to him. For aught to the contrary appearing, the alleged newly discovered evidence, which consisted of letters written and statements of account furnished to defendant by plaintiff, which were found in defendant's files after the trial, might have, and by proper diligence could and would have, been discovered before the trial.

The fact that at the time of the trial they were in the office of the defendant at a place different from the trial is no excuse for not producing them at the trial, especially when he, as seen, was apprised in advance of the necessity of having them at the trial, if he desired to make use of them. He cannot be permitted to speculate by withholding them, and then when the verdict is adverse to him ask for a new trial so that he can then introduce them.

We find no reason which would justify us in disturbing the ruling of the lower court, and its judgment is consequently affirmed.

Affirmed.