(93 South. 31)

## NATIONAL CASUALTY CO. v. McCARN.
### (6 Div. 529.)

(Supreme Court of Alabama. April 13, 1922.)

1. Insurance ⬯634(1) — Complaint alleging policy kept in force by payment of stipulated premiums held sufficient.

Where, in an action on a life insurance policy, the complaint alleged that all stipulated premiums essential to continue the insurance and keep it in force and effect at the time of insured's death had been paid, a demurrer to the pleading was properly overruled.

2. Trial ⬯260(9) — Requested charge as to failure of premium payment to reinstate life insurance policy properly refused.

In an action on a life policy under accidental death clause, where insured was injured on April 5th and died on April 9th, a requested instruction that a check for the stipulated monthly premium by insured to the agent of insurer on April 7th, even though cashed by the agent, would not reinstate the policy, so as

to cover loss from the accidental injuries sustained, *held*, in view of given instructions, properly refused.

**3. Insurance ☞668(8)—Question of seasonable payment of life insurance premium held for jury.**

In an action on a life policy, where the evidence gave the factors in a calculation that served to show payment of a sufficient aggregate sum to cover the premiums for the period in controversy, the question of the seasonable payment of the premium was for the jury.

**4. New trial ☞95—Party's negligence will preclude relief therefrom through motion for new trial.**

Where, in an action on a life policy, the admission of the executive head of defendant that a sum sufficient to cover the payment of the installment of the premium in controversy had been paid by insured and received by defendant was primarily due to carelessness or negligence of the witness, a motion for new trial, on the ground that the testimony was incorrect and erroneous, was properly denied.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Mary E. McCarn against the National Casualty Company, to recover from a policy issued on the life of her deceased husband against accidental death. Judgment for the plaintiff, and defendant appeals. Affirmed.

The two charges noted as refused to the defendant are as follows:

(3) If you believe the evidence, you must find that no premium due for the month of April, 1919, on the policy sued on, was ever paid to the defendant or its duly authorized agents prior to the happening of the accidental injuries alleged in the complaint.

(6) I charge you that, if you believe from the evidence the check of $2.45 mailed to Agent West on April 7, 1919, even though cashed by the said West for the defendant, would not reinstate the policy, so as to cover any loss or disability from accidental injuries sustained by the insured on April 5, 1919.

Edgar Allen and Graham Perdue, both of Birmingham, for appellant.

The proof did not support the complaint, and hence there could be no recovery. 10 Ala. App. 331, 65 South. 430; 14 Ala. App. 181, 68 South. 797; rules 34 and 35, Circuit Ct. Prac. It is clear that the witness was mistaken in giving the controlling testimony to a material fact, and the new trial should have been granted. 29 Cyc. 868; 20 R. C. L. 299; 9 N. C. 605, 11 Am. Dec. 793; 6 N. Y. Supp. 661; 107 Ark. 498, 155 S. W. 916; 54 Ga. 636; 6 Hill (N. Y.) 596; 82 Ga. 185, 7 S. E. 923; (Okl.) 168 Pac. 1002; 185 Ala. 232, 64 South. 340; 61 South. 817; 161 Ala. 630, 50 South. 95; 196 Ala. 327, 71 South. 404. Defendant was entitled to a new trial under the provisions of section 5372, Code 1907. 69 Ala. 473; 97 Ala. 508, 12 South. 34; 6 Ala. 557; 68 Ala. 594.

Wm. Vaughan and W. M. Sorrell, both of Birmingham, for appellee.

The court properly denied the motion for new trial. 202 Ala. 502, 80 South. 790; 206 Ala. 190, 89 South. 657. Count 1 was not subject to the demurrers interposed. 196 Ala. 327, 71 South. 404; 17 Ala. App. 642, 87 South. 616; 194 Ala. 680, 69 South. 884.

McCLELLAN, J. [1] The appellee sued the appellant to recover upon a contract of insurance, issued by the appellant, against the death (among other events) of Robert E. McCarn from independent, accidental causes, etc. Only count 1 was submitted to the jury. It avers:

That appellant "insured the life" of McCarn "until, to wit, the 1st of November, 1914, and thereafter for such further time as the insured shall have paid the monthly stipulated premiums thereon * * *"; that insured was so injured on April 5, 1919, that he died therefrom on April 9, 1919; and "that the premiums on said policy had been paid, and that the same [i. e., policy] was in force and effect at the time of the death of the said insured."

The necessary effect of the averments of count 1 as to the duration of the insurance is that measured by the payment of "monthly stipulated premiums," and the period is defined in the count's unqualified allegation that "the premiums"—meaning the "stipulated premiums"—had been paid, with the positive averment following that the contract was "in force and effect at the time of the death of the said insured." To, assume that the April, 1919, or other monthly premium had not been paid prior to the death of insured would contradict the allegations of the count. Under this count, the pleader assumed the burden to show, at least prima facie, that every "stipulated premium" essential to continue the insurance, to keep it "in force and effect at the time" of insured's death, had been paid. The demurrer to count 1 was properly overruled.

It appears upon the record that the determining inquiry on the trial was whether the April, 1919, "monthly stipulated premium" was seasonably paid. McCarn was injured on April 5, 1919. He died of the injury on April 9, 1919. He was a subagent of the company during April, 1919, and theretofore in the territory where the injury was suffered, and appears to have been authorized to collect and remit premiums to the home office and to issue receipts for premiums. On April 7, 1919, two days after McCarn's injury, he or his wife (over McCarn's signature) sent West, the Birmingham district manager of the company, a letter and a check for $2.45, both dated April 5, 1919, "to pay

my insurance," requesting that "my receipt" be forwarded "to me at Winfield, Ala. * * *" West cashed the check on April 8, 1919, and advised the company of the fact of receipt of the fund, not knowing that McCarn had been theretofore injured on the 5th of April, 1919. On April 18, 1919—in obedience to instruction from the company, that had been informed of McCarn's injury and death—West sent Mrs. McCarn a check for $2.45, which she received and cashed, keeping the money, stating in his letter accompanying the check:

"I cannot receive the money, because I have no record of any such account, and therefore not the one to receive it, as I am not the agent of Mr. McCarn."

[2] The court refused defendant's special request for instruction numbered 6. It will be reproduced. Aside from its faulty wording, no prejudicial error resulted from its refusal, when defendant's given instructions numbered 2. 11, 4, 23, 14, and 8 are considered; the evidence being without dispute that McCarn was injured on April 5, 1919, and died on April 9, 1919, and that the check was mailed on April 7, 1919, two days after his injury.

[3] Besides the request for general affirmative instruction for defendant, the court refused a request for instruction that advised the jury that the April, 1919, premium was not shown to have been paid prior to McCarn's injury. It is reproduced in the report of the appeal. The latter, as well as the defendant's request for affirmative instruction, was properly denied because of the evidence afforded by the answer to interrogatory numbered 11, made by defendant's executive head, W. G. Curtis. Such answer gave the factors in a calculation that served to show the payment, between May 1, 1916, and April 1, 1919, of a sufficient aggregate sum to cover the April, 1919, premium installment. Apart from anything else, this evidence made the inquiry of seasonable payment vel non of the April, 1919, premium a matter for the jury's consideration and decision.

[4] There is no assignment of error predicated of excepted-to excerpts from the oral charge of the court. The chief subject of contention for error is presented by the ground of the motion for new trial, that

sought to avoid the verdict because the defendant's answer, by its president, Curtis, to interrogatory 11, mentioned above, was incorrect and erroneous in the particular of its admission that the aggregate sum of monthly premiums paid between May 1, 1916, and April 1, 1919, was sufficient to include the April, 1919, premium, and, according to defendant's insistence, this answer afforded the only evidence before the court of payment of the April, 1919, premium by McCarn. The first notice counsel for defendant had of this important effect of the answer to interrogatory 11 was during the trial—the second trial, following nonsuit taken by plaintiff in consequence of adverse rulings of the court—on which trial, it is averred in the motion for new trial and declared in the affidavits in support thereof, the plaintiff relied alone upon a payment of the April, 1919, premium through the means of the check dated the day of McCarn's injury and mailed on April 7, 1919, after his injury. The defendant's predicament—resulting from the solemn, oath-assured admission of the executive head of the defendant that a sum sufficient to cover the April, 1919, premium had been paid, received by the defendant—was primarily due to the carelessness or negligence of the defendant's executive head, not to defendant's counsel, through failure to detect the elements of asserted mistake of such officer that a simple calculation would have disclosed.

Whatever may be the rule elsewhere—some illustrations of which are noted on the brief for appellant—it is settled in this jurisdiction that a party's "negligence or fault" will preclude relief therefrom through a motion for new trial. Hoskins v. Hight, 95 Ala. 284, 286, 11 South. 253; K. C. R. R. Co. v. Phillips, 98 Ala. 159, 168, 13 South. 65; Sou. Rwy. Co. v. Dickens, 149 Ala. 651, 654, 43 South. 121; Badham v. Lunsford, 155 Ala. 212, 214, 215, 46 South. 762, among others. Aside from other possible considerations, the trial court's action in overruling the motion for new trial (ground 18, etc.) was well advised.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.