(101 So. 765)

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. FOSTER. (6 Div. 202.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Appeal and error** 655(2)—Policies declared on held to be before court and motion to strike from record denied.

Bill of exceptions, reciting agreement between counsel that policies set out therein showed terms and conditions of policies sued on, showed that policies declared on were before trial court, and motion to strike copy from record will be denied.

2. **Insurance** 629(2)—Counts held not to state facts showing policies declared on were in force and covered period for which compensation claimed.

Counts on policies of insurance against sickness, alleging that on named day plaintiff was taken ill and remained sick up to and continuing after named date while said policy was in force, held insufficient on demurrer as failing to aver period for which insurance was effective, and to show that it extended to or through time for which compensation was sought.

3. **Pleading** 194(5) — Sustaining demurrer to plea of general issue held erroneous.

Where defendant's plea to complaint on policy of insurance against sickness was the general issue, it was error to sustain demurrer thereto.

4. **Insurance** 640(3)—Sustaining demurrer to pleas tendering issue of fact in bar held erroneous.

In action on policies of insurance against sickness, pleas alleging that sickness did not confine plaintiff to bed, held to tender issues of fact under terms of policies declared on and set out in plea, in bar of right of recovery, and sustaining demurrer thereto was erroneous.

5. **Insurance** 641(2)—Demurrer to replication setting up insurer's acceptance of premiums with knowledge of insured's venereal disease held properly overruled.

Where plea alleged sickness resulted from diseases contracted before delivery of policy, it was proper to overrule demurrer to replication alleging that defendant had notice of disabling venereal disease, and thereafter received and accepted premiums and waived condition of policy as to disability from such cause.

6. **Insurance** 641(2)—Rejoinder supporting pleas held pertinent.

In action on policy of insurance against sickness, rejoinder setting up facts avoiding replication as to notice of plaintiff's having venereal disease, and thereafter receiving and accepting premiums, and waiving conditions of policy as to disability, held pertinent.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on policies of insurance against sickness and accident by William Foster against the Life & Casualty Insurance Com-

pany of Tennessee. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6,[1] page 449, Acts 1911. Reversed and remanded.

Upon submission of the cause appellee moved the court to strike from the record copy of the policy of insurance there set out, upon the ground that the same was never introduced in evidence by appellant or appellee. The bill of exceptions recites that plaintiff's attorney stated he had lost the policies sued on, whereupon it was agreed the "defendant had theretofore issued three different policies of insurance to the plaintiff," providing certain weekly benefits, and containing the provisions following: "It being agreed that the policy set out below was identical with each of the three policies held by the plaintiff, * * * the following policy was introduced in evidence by the defendant as showing the terms and conditions of the policies sued on," followed by a copy of the policy.

Count 1 of the complaint as originally filed claimed $168 for sick benefits due and owing plaintiff for 21 weeks, from the 5th day of July, 1921, to the 28th day of November, 1921, inclusive, under three policies "issued to the plaintiff by the defendant in the years 1918, 1919, and ――――, and in force up to and including the 28th day of November, 1921."

Counts 2, 3, and 4 of the amended complaint declares, respectively, on the several policies, and in each count it is averred "that on the 5th day of July, 1921, he was taken ill and remained ill and sick up to and continuing after November 28, 1921, while said policy was paid up and in full force and effect."

Plea 3 avers that the policy sued on contains this provision:

"The insured shall not be entitled to any benefits for sickness or accident under this policy unless a certificate on the company's form by a regularly licensed and practicing physician who is satisfactory to the company, showing the nature of the sickness or injury, shall first be furnished the company or its authorized agents; and, if the sickness or accidental disability of the insured shall continue for more than one week, a like certificate must likewise be furnished at the beginning of each week of sickness or accidental disability. No liability for sickness or accidental disability shall begin to accrue under this policy for any week until such a certificate is received as above set forth."

And it is averred that no such certificate was furnished defendant or its agents.

Plea A sets up the following provision of the policies:

"No benefits will be paid for sickness or death resulting directly or indirectly from diseases contracted or injuries received before the delivery of this policy; nor will any benefits be paid for sickness, accident, or death resulting directly or indirectly from intemperance, immorality, or venereal diseases, however incurred."

And it is averred that the sickness for which benefits are claimed resulted directly or indirectly from diseases contracted before the delivery of this policy.

Plea C sets up this provision of the policy:

"Weekly benefits will only be paid when the insured has been confined strictly to his bed for seven consecutive days."

—And avers that the sickness for which benefits are claimed was not such as confined plaintiff strictly to his bed for seven consecutive days.

Plea D is in substance the same as plea 3.

Plaintiff demurred to these pleas on the grounds that (1) they do not traverse and tender issue; (2) they neither traverse and tender issue nor confess and avoid; and (3) for all that appears "this defendant received the one certificate notifying them of plaintiff's illness and failed to pay it, wherefore your plaintiff says that they waived further notice and are estopped from claiming want of regular notice."

Plaintiff demurred to the rejoinder of the defendant upon the grounds (1) that it does not tender issue; (2) that it does not traverse all or a material part of the plaintiff's replication; (3) that it is guilty of duplicity; (4) that it is frivolous and does not tender issue; (5) that it is merely a conclusion of the defendant; (6) that it is merely argumentative; and (7) that it does not confess and avoid the facts alleged in the plaintiff's replication.

Jacobs & Abercrombie, of Birmingham, for appellant.

The complaint was subject to demurrer in failing to state the period for which the policies were issued. There was error in rulings on the pleadings. 3 Cooley on Ins. 2829, 2459; 1 C. J. 442.

G. M. Edmonds and Albert Rosenthal, both of Birmingham, for appellee.

A breach of a condition in a policy is waived by the insurer if, after knowledge the insurer treats the policy as still in force. L. & C. Ins. Co. v. Eubanks, 19 Ala. App. 36, 94 So. 198; Nat. L. & A. Ins. Co. v. Jackson, 18 Ala. App. 347, 92 So. 201; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; 29 Cyc. 194.

THOMAS, J. [1] The submission was on motion and on merits. When the whole record and the agreement of counsel recited in the bill of exceptions are considered, we are of opinion that the policies of insurance declared upon were before the trial court and jury. The requested charges, as well as the oral charge, referred to certain provisions thereof. We are bound by the record and bill

of exceptions as signed by the judge presiding at the trial, and the motion to strike is denied.

[2] The trial was had on the second, third, and fourth counts of the complaint as amended, declaring on insurance policies for sickness and accident. Demurrer sufficiently challenged the several counts for failure to state the facts showing that the policies of insurance were in full force and effect and covered the period for which compensation was claimed. Demurrers were properly sustained. National L. & A. Co. v. Hannon, 101 So. 892;[1] National Cas. Co. v. McCarn, 207 Ala. 321, 93 So. 31. These counts, as last amended, are shown by the judgment entry to have been further challenged by the same grounds of demurrer which were overruled. The said several amended counts merely state that defendant insured plaintiff on the date indicated, and fail to aver the period or periods of time for which the insurance was effective and to show that the same extended to or through the time for which compensation was sought by this suit. This was not a substantial compliance with the Code form. National L. & A. Co, v. Hannon, 101 So. 892; [1] National Cas. Co. v. McCarn, supra. For these errors the judgment of the circuit court is reversed.

[3] Defendant's plea 1 was the general issue, and there was error in sustaining demurrer thereto. Plea 3 was drawn under the averred conditions of the policies of insurance declared on. The grounds of demurrer sustained thereto are inapt.

[4] The rules of good pleading, and reasons therefor, have been often adverted to by this court. Brookside-Pratt Min. Co. v. Booth (Ala. Sup.) 100 So. 240; [2] Hines v. McMillan, 205 Ala. 17, 87 So. 691. Pleas C and D tendered an issue of fact under the terms of the policies declared on by plaintiff and set out in the plea by defendant in bar of the right of recovery. There was error in sustaining demurrer to said pleas.

[5] Demurrer to plea A being overruled, plaintiff replied, saying:

"For replication and answer to said pleas A and B separately and severally, and says that defendant had notice of said venereal diseases, if any, and thereafter received and accepted premiums on said policies and thereby waived said condition or conditions in said policies, and that said notice of said diseases aforesaid were known to defendant before said claim was made, and that defendant thereafter accepted premiums from plaintiff, and said defendant is estopped from pleading same."

Defendant's demurrer thereto was properly overruled. The averment in the replication is that defendant had notice of the disabling disease and thereafter received and accepted

[1] Post, p. 184.
[2] 211 Ala. 268, 33 A. L. R. 417.

premiums and waived the conditions of the policies as to the disability from such cause. The effect of notice to general and special agents as waiver of conditions of the policy was discussed in South. States F. Ins. Co., v. Kronenberg, 199 Ala. 164, 74 So. 63, and Fire Ass'n v. Williams, 200 Ala. 681, 77 So. 156. See Life & Cas. Ins. Co. v. Eubanks, 19 Ala. App. 36, 94 South. 198; Pacific Mutual Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834; Cooley on Insurance, p. 2459.

[6] Defendant's rejoinders sought to support its respective pleas. For illustration, rejoinders 2 and 3 set up facts avoiding the replication as to notice of plaintiff's having a venereal disease, saying "under the terms of said policy of insurance defendant insured the plaintiff against disability resulting from sickness, and that the condition or provision of said policy as set out in said plea and referred to in said replication merely constitutes an exception according to the terms of the policy, excepting disability from venereal diseases from the general risk disability from sickness. Defendant further avers that it had no knowledge, information, or notice prior to the issuance of said policy that the plaintiff had any venereal disease, and defendant avers that at the time defendant first received notice that the plaintiff had venereal disease said policy was in full force and effect, and that it has continued in full force and effect continuously from that time to the filing of this suit, and defendant further avers that said policy contains no provision authorizing the defendant to cancel said policy, when it is in force and effect, nor authorizing defendant to refuse to accept premiums upon said policy for any reason at a time when said policy is in force and effect." This pleading was pertinent, and should have been permitted.

The case should be retried on pleading conforming to the above rulings.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

