[Evans . v. Alabama-Georgia Syrup Co.]

# Evans *v.* Alabama-Georgia Syrup Co.

## *Personal Injury Action.*

### (Decided November 23, 1911.  56 South. 529.)

*Pleading; Conclusion; Contributory Negligence.*—Where the action was for injury to plaintiff caused by falling down an elevator shaft, and the complaint alleged the existence of a dangerous opening, and the failure of the defendant to warn plaintiff of the existence thereof, to guard the opening, and to keep the premises in a reasonably safe condition, a plea alleging that plaintiff proximately contributed to the injury, in that he negligently stepped into the opening causing the injury, was a conclusion of the pleader, and subject to demurrer on that ground.

(Sayre, J., dissents.)

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by L. B. Evans against the Alabama-Georgia Syrup Company for damages for personal injuries. From a judgment for defendant, overruling demurrers to pleas, plaintiff appeals. Reversed and remanded.

The following pleas are referred to in the amendment: Plea 2: "For further answer to the complaint, and separately and severally to each count thereof, this defendant says that the plaintiff proximately contributed to the injury of which he complains, in that while in said building he negligently or carelessly stepped into the alleged hole or opening, thereby causing the injury of which he complains." Plea 3 (to each count separately and severally): "That the plaintiff proximately contributed to the injury of which he complains in this: That the hole or opening into which he fell was an elevator shaft or opening constructed by the defendant and used in the operation, management, and conduct of its said business. That said elevator shaft or opening was in a large and well-lighted building, and

easily seen by persons or parties therein, exercising reasonable care. And defendant avers that plaintiff while in said building in the daytime, and while said building was well lighted—the said elevator shaft or opening could, by the exercise of reasonable care, have been easily seen and avoided—negligently or carelessly walked or stepped into said opening or hole, and thereby caused the injury of which he complains." Plea 4 (to each count separately and severally) : "That the hole or opening into which plaintiff is alleged to have fallen was the elevator shaft or opening constructed by defendant for and in use in a private warehouse or storeroom of defendant, and near the rear end thereof. That said warehouse was well lighted when the alleged injury occurred, and said elevator shaft could have been easily seen and avoided by any one using due and reasonable care; and defendant avers that the plaintiff while in said building failed to exercise reasonable or ordinary care to avoid the said shaft or opening, and carelessly walked or stepped into the same, and thereby and as a proximate consequence thereof received the injury of which he complains." The first count alleged the existence of the dangerous hole or opening, and the failure to warn plaintiff of its existence. The second count alleged the duty on the defendant to guard or secure the approach to the hole. The third count alleged the duty of the defendant to use proper diligence in keeping the premises in reasonably safe condition, and its failure to do so. The other counts amplify the first three.

HILL, HILL & WHITING, for appellant. Plea 2 was bad and the court erred in overruling demurrers thereto.—*B. R. L. & P. Co. v. Lee,* 153 Ala. 79; *So. Cot. O. Co. v. Walker,* 51 South. 169; *W. Ry. of Ala. v. Russell,*

[Evans v. Alabama-Georgia Syrup Co.]

144 Ala. 153; *Osburn v. Ala. S. & W. Co.*, 135 Ala. 573; *Ala. Chem. Co. v. Niles*, 156 Ala. 298; *Johns v. L. & N.*, 104 Ala. 241; *Brent v. Baldwin*, 160 Ala. 635; *M. & K. Ry. Co. v. Brombray*, 141 Ala. 275; *Markee v. L. & N.*, 103 Ala. 160; *R. R. Co. v. Henderson*, 100 Ala. 451.

STEINER, CRUM & WEIL, for appellee. While it is our insistence that plea 2 was good, yet if it be considered bad, there were other pleas of contributory negligence, in which the facts are set forth, and under which evidence of contributory negligence was pertinent, and in the absence of a bill of exception, the court will presume that no evidence was permitted in support of the plea, but such as would tend to establish contributory negligence. Hence, no prejudicial error was committed. —*First Nat. Bank of Gadsden v. Steiner, Lobman & Frank*, 53 South. 172; *Horan v. Gray & Dudley Hdw. Co.*, 159 Ala. 159; *W. Ry. of Ala. v. Russell*, 144 Ala. 142; *First Nat. Bank of Anniston v. Cheney*, 114 Ala. 137; *Pope v. Glenn Falls I. Co.*, 136 Ala. 670; *State v. Brantley*, 27 Ala. 44; *L. & N. R. R. Co. v. York*, 128 Ala. 305; *Terrell C. Co. v. Lacy*, 31 South. 109; *Andrews v. Hall*, 132 Ala. 320; *Cross v. Eslinger*, 133 Ala. 409; *Barton v. Engine Co.*, 154 Ala. 275.

SAYRE, J.—All the Judges, except myself, concur in the opinion that the second plea was bad as being a mere conclusion of the pleader, and that the judgment ought to be reversed for error in overruling the demurrer to that plea. They cite *T. C. I. Co. v. Herndon*, 100 Ala. 451, 14 South. 287; *Osborne v. Ala. S. & W. Co.*, 135 Ala. 571, 33 South. 687; *So. Ry. v. Shelton*, 136 Ala. 191, 34 South. 194; *So. Ry. v. Hundley*, 151 Ala. 378, 44 South. 195. I dissent. In my judgment the pleas numbered 3 and 4 are no better in any respect than plea 2,

and they all alike submitted to the jury a perfectly intelligible and meritorious issue of fact. It cannot . be true in every case that a plea of contributory negligence must aver a state of facts to which the law attaches the conclusion of negligence. "The judge has to say whether any facts have been (averred and) established by evidence from which negligence *may be* reasonably inferred; the jurors have to say whether, from those facts, when submitted to them, negligence *ought to be inferred.*"—Pollock on Torts, 365 (parenthesis supplied). In many cases the question whether due care and caution have been used is, in the nature of things, a question of fact, and this, though the evidence be without conflict. In every case, unless it be a case where res ipsa loquitur, the pleader must allege facts and in allegation draw the conclusion for which he contends. I think our cases have recognized these principles.—*Lord v. Mobile,* 113 Ala. 360, 21 South. 366; *West v. Thomas,* 97 Ala. 622, 11 South. 768. I can find no essential difference between the plea held bad and those held good except that in the latter the so-called mere conclusion is covered by a mass of verbiage while the gist of all of them is the same. It is that the plaintiff negligently stepped into the hole described in the complaint. To require the defendant to aver every element contained in the situation would be to impose upon it an impossible task. And if the defendant had been able .to reproduce in averment every detail of the situation, it would still have been for the jury to say whether plaintiff had been guilty of contributory negligence. The office of the plea is to inform the plaintiff of the facts relied on in bar of the action stated in the complaint. Plaintiff, having been by implication invited upon the premises, had a right to assume that a pitfall had not been left in his way. Therefore a plea averring that he had failed

to look for the hole into which he fell, and so had stepped into it, would have been bad as imposing upon him the duty to look for the hole. And yet he could not walk as one blindfolded. It was his duty, notwithstanding the presumption of safety which he might indulge, to look about him as a man of reasonable prudence will in every place and under all circumstances. Whatever the place and whatever the circumstances, it was his duty to exercise a general care for his own safety. If there was anything to be seen, heard, or otherwise known by the senses exercised with reasonable prudence, though not bent upon the discovery of the particular peril into which he fell, it was his duty to know it; and if his failure to know contributed proximately to his injury, he cannot recover. How, then, can a failure to exercise this general care be averred except in a general way? To aver that the hole could have been seen and avoided by a person exercising reasonable care and that the plaintiff negligently stepped into it, as was the manner of averment adopted in other pleas, would seem to be an averment of everything necessary to a good plea. And yet such a plea does not meet the objection taken by the demurrer any more satisfactorily than does the form of averment adopted in plea 2. The fact seems to be that, while both forms of averment are in part conclusions not ordinarily permitted in the allegation of matters of defense, they do state, as nearly as is possible in the reasonable use of language, the ultimate fact upon which the defendant was entitled to rest a valid defense—that the plaintiff stepped into the hole, whereas its character and surroundings were such that no prudent man would have done so even though the hole was unguarded and he without warning of its presence. The court could not have otherwise stated the case to the jury. It was, therefore, under the peculiar

circumstances of this case, only necessary to state that plaintiff did an act which contributed to his injury, and to characterize that act as negligently done. This plea 2 did. The rest did no more.

Other members of the court direct me to state also their conclusion that the error which they find was not cured by other parts of the record.

Reversed and remanded. All the Justices concur, except SAYRE, J., who dissents.