## Pensacola St. A. & Gulf S. S. Co. *v.* Brooks.

### Injury to Servant.

(Decided February 1, 1916.   70 South. 968.)

1. **Master and Servant; Injury to Servant; Contributory Negligence; Plea.**—In an action by a servant for injuries, a plea alleging that plaintiff was guilty of contributory negligence in that while working with a wheelbarrow to load a steamer he stepped backwards to allow another servant to pass, without looking to see where he would put his foot, and stepped into an open hatch, and was injured, alleged no fact showing that plaintiff's conduct in stepping backward without looking was negligence, and as it cannot be judicially declared that to step backward without looking under the circumstances was negligence, the plea was not good against demurrer.

2. **Trial; Continuance; Discretion.**—The granting or refusal of a continuance rests in the sound discretion of the trial court, and will not be reviewed on appeal unless abuse is shown.

3. **Damages; Remoteness; Time of Injury.**—Where the complaint alleged a permanent continuing injury, it was proper to permit a medical witness to testify as to the physical condition of the plaintiff a few weeks before the trial, although the accident had happened eighteen months before.

4. **Trial; Preliminary Proof.**—Where the expert medical testimony as to the condition of plaintiff's foot shortly before the trial was connected with the previous injury by plaintiff's testimony that he had received no other injury to his foot except the one examined by the medical witness, the evidence of the medical witness was admissible as it is sufficient if evidence is rendered competent by the subsequent introduction of other evidence.

5. **Appeal and Error; Harmless Error; Evidence.**—Where the trial was had without the intervention of a jury, error in the admission of evidence would not work a reversal if the judgment is sustained by other legal evidence.

6. **Master and Servant; Employer's Liability Act; Constitutionality.**— The Act of Florida, Laws 1913, c. 6521, limiting the fellow servant rule as to persons engaged in certain hazardous occupations, restricting the defenses of contributory negligence, and assumption of risk, and prohibiting any contract relieving from the liability prescribed by the act is constitutional.

7. **Statutes; Other States; Proof; Cover; Title Page.**—Under § 3988, Code 1907, a Florida act was admissible in evidence without further proof, the verification of which appeared in the body of the volume of Florida statutes; the title page being misplaced and interleaved between pages 16 and 17, since "the face of the book" and "the title page" need not coincide, since the word "face" is used in contradistinction to the word "cover."

8. **Appeal and Error; Assignment; Waiver.**—Grounds of objection to the introduction in evidence of the statute of a foreign state which are not insisted upon in appellant's brief are waived.

9. **Actions; Joinder.**—A servant's joinder of two separate causes of action based on the same accident, was not erroneous.

10. **Appeal and Error; Review; Presumption.**—A general verdict will be referred to the counts of the complaint which are supported by the evidence.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Dan Brooks against the Pensacola, St. Andrews & Gulf Steamship Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following allegations are common, and form a part of each count of the complaint: During the entire month of June, 1913, plaintiff was employed by defendant as a roust-about on defendant's steamship Tarpon, and one John Kane was employed by defendant as first mate on or of said steamship. The said John Kane, as such mate, was intrusted by defendant with authority to direct and control plaintiff in the performance of his duties in loading and unloading said steamship and to pro-

vide the means necessary to enable plaintiff to do such work. While performing the duties of his employment in the state of Florida, the plaintiff was injured twice during said month, as will be more particularly set out hereafter. By the statutory laws of Florida in force at the time of each of said injuries it was provided as follows:

"Be it enacted by the Legislature of the state of Florida:

"Section 1. This act shall apply to persons, firms and corporations engaged in the following hazardous occupations in this state; namely, railroading, operating street railways, generating and selling electricity, telegraph and telephone business, express business, blasting, and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity.

"Sec. 2. That the persons, firms and corporations mentioned in section 1 of this act shall be liable in damages for injuries inflicted upon their agents and employees, and for the death of their agents and employees caused by the negligence of such persons, firms, and corporations, their agents and servants, unless such persons, firms and corporations shall make it appear that they, their agents and servants have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against such persons, firms and corporations.

"Sec. 3. That the persons, firms and corporations mentioned in Section 1 of this act shall not be liable in damages for injuries to their agents and employees, or for the death of such agents and employees, where same is done by their consent, or is caused by their own negligence. If the employees or agents injured or killed, and the persons, firms and corporation mentioned in section 1 of this act, or their agents and employees are both at fault, there may be recovery, but the damages shall be diminished or increased by the injury in proportion to the amount of default attributable to both, provided that the damages shall not be recovered for injuries to an employee injured in part through his own negligence and in part through the negligence of another employee, when both of such employees are fellow servants, where the former and the latter are jointly engaged in performing the act causing the injury and the employer is guilty of no negligence contributing to such injury.

"Sec. 4. That the doctrine of assumption of risk shall not obtain in any case arising under the provisions of this act, where

the injury or death was attributable to the negligence of the employer, his agents or servants.

"Sec. 5. That the writ of garnishment, execution or other processes shall not issue out of any court to reach any money due or likely to become due as damages under the provisions of this act.

"Sec. 6. That any contract, contrivance or device whatever, having an effect to relieve or exempt the persons, firms and corporations mentioned in Sec. 1 of this act, from the liability prescribed by this act, shall be illegal and void.

"Sec. 7. This act shall take effect upon its becoming a law.

"Approved June 7th, 1913." Laws 1913, c. 6521.

The first count declares for the negligent placing of a block of wood under the orders of Kane, so that the plank twisted, causing plaintiff to lose his balance and fall. The second count sets up the collision of Albert Bivins under orders from Kane. The third count sets up the negligence of Albert Bivins while in the performance of his duties in negligently colliding with plaintiff. The fourth count is for wanton injury for the same reason as expressed in the third count. The plea sufficiently appears from the opinion.. There was verdict and judgment for plaintiff in the sum of $600.

BESTOR & YOUNG, for appellant. HARRY T. SMITH, for appellee.

PELHAM, P. J.—This is an action to recover damages brought under a Florida statute. The complaint claims damages in separate counts for two distinct injuries, each averred as occurring in the state of Florida. The trial was had before the judge without a jury. From a judgment for plaintiff, the defendant appeals.

(1) The statute relied on is set out in the complaint, and will be set out by the reporter. To each count the defendant filed pleas of the general issue and certain special pleas; but the issues upon which the case was tried make it necessary, in this connection, of the court's rulings on the pleadings, to consider only the special plea numbered 4. This plea averred, in substance and effect, that plaintiff was guilty of contributory negligence which proximately contributed to his injury, in this: That, as the said Albert Bivins was approaching him to pass with a wheelbarrow of coal, plaintiff stepped backward with his wheelbarrow

to allow the said Bivins to pass, without looking to see where he would set his foot, and stepped into said open hatch and was injured.  The plaintiff's demurrer to this plea on the ground, among others, that the facts alleged did not support the conclusion of the pleader that the plaintiff was guilty of contributory negligence was sustained by the court.

We think the action of the court in this particular was free from error.  The facts averred do not seem to us, as a matter of law, to constitute or show negligence.  It may not be judicially declared, under such circumstances, that to step backward without looking first to see where one would set one's foot is negligence.  No facts are averred in the plea showing that such conduct on the part of plaintiff at the time of the injury was negligence; nor, indeed, does the plea aver that this action upon the part of the plaintiff was negligent, or that the plaintiff negligently stepped backward without looking in that direction.

"In every case, unless it be a case where res ipsa loquitur applies, the pleader must allege facts and in allegation draw the conclusion for which he contends."—*Evans v. Ala.-Ga. Syrup Co.*, 175 Ala. 85, 56 South. 529.

Furthermore, defendant had the full benefit of the matters contained in this plea under plea 5.—*L. & N. R. R. Co. v. Turney*, 183 Ala. 398, 406, 62 South. 885.

(2)  Prior to the hearing of the cause the defendant made a motion for a continuance on the ground of the absence of certain material witnesses whom it had been unable to locate in order to perfect service of summons, or to take their depositions.  The court refused to grant this motion, and required defendant to proceed with the trial.  There was no error on the part of the court in refusing this motion.

"It is a well-established rule in this state that the granting or refusal of a continuance rests in the sound discretion of the trial court, and is not the subject of revision on appeal.—*Wimberly, et al. v. Windham*, 104 Ala. 409, 412, 16 South. 23, 53 Am. St. Rep. 70; *Murph v. State*, 153 Ala. 67, 45 South. 208.

We do not think the copies of the affidavits offered by defendant in support of its motion comply with the provisions of circuit court rule 16, or that any abuse of the court's discretion is shown.

(3-5)  There was no error, in view of the objections assigned, in admitting the testimony of Dr. Peterson as to the physical con-

dition of plaintiff a few weeks before the trial. The injury was averred as having been caused about 18 months prior to the time of the trial. The witness was admitted to be an expert, and was qualified to testify to the plaintiff's present condition. It was not improper to permit the examination because of the time of injury, in view of the allegation of a permanent, continuing injury. This testimony was subsequently connected and rendered admissible upon plaintiff testifying that he had received no other injury to his foot, except the one examined by Dr. Peterson.

"While ordinarily in the introduction of evidence it should be competent at the time when offered, still, if rendered competent by the subsequent introduction of other evidence, this is sufficient to correct and cure any error that might otherwise have existed in the admission of the evidence first offered."—*Collins v. State,* 138 Ala. 57, 62, 34 South. 993, 994.

It is also a well-established rule that, when a trial is had without the intervention of a jury, an error in the admission of evidence will not authorize a reversal, if the judgment rendered is sustained by legal evidence.—*First National Bank of Talladega v. Chaffin, et al.,* 118 Ala. 246, 256, 24 South. 80; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

(6-8) The introduction in evidence of the Florida statute on which the action was based was objected to by defendant. These objections were based: First, on the unconstitutionality of the act; second, that the act was not shown to have been published by proper authority; and, third, that there was nothing to show that the act was a law at the time of the alleged injury. The act is not unconstitutional because of any of the grounds stated.— *Mobile, Jackson & Kansas City R. R. Co. v. Turnipseed,* 219 U. S. 40, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S. 226, Ann. Cas. 1912A, 463; *L. & N. R. R. Co. v. Melton,* 218 U. S. 54, 30 Sup. Ct. 676, 54 L. Ed. 921, 47 L. R. A. (N. S.) 84; Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44. The act in question was properly proven under the provisions of section 3988, Code 1907. We are not inclined to the view that the "face of the book" and the "title page" must coincide. Such a construction would, to our mind, require a holding entirely too narrow and strained. The purpose of the section is to safeguard the proof of statutes of foreign states in our courts. In this connection it is apparent that "face" is used

in contradistinction to "cover." We are of the opinion that, if the verification of the statute appears in the body of the book, it is sufficient. This opinion is strengthened by the physical condition or make-up of the book shown to exist in the instant case. It is evident that the title pages of the volume have been misplaced. These pages are not numbered, and yet are found interleaved between pages numbered 16 and 17. The third ground of objection is not insisted on in brief, and hence is waived.—*Carolina-Portland Cement Co. v. Ala. Construction Co.,* 162 Ala. 380, 383, 50 South. 332; *McClendon v. McKissack,* 143 Ala. 188, 191, 38 South. 1020. However, the sections of the Constitution of Florida introduced in evidence demonstrate that the act went into effect at the time of its approval. Otherwise the expression, "This act shall take effect upon its becoming a law," is meaningless, and the constitutional sections introduced would have no field of operation.

The court did not err in refusing defendant's motion for a new trial. Upon a consideration of all of the evidence, we are not led to the conclusion that the damages awarded in this cause are excessive. A consideration of the evidence set out appears to us to warrant the finding of the court.—*L. & N. R. R. Co. v. Williams,* 183 Ala. 138, 62 South. 679, 684, Ann. Cas. 1915D, 483. As is quoted by the court in that opinion: "The tendency in recent years has been for verdicts to award, and appellate courts to sustain, increasingly larger sums as compensation for personal injuries. This is attributable, no doubt, to the greatly decreased purchasing power of a dollar, as exemplified in the rise in the price of nearly all commodities, and the enormous increase in the cost of living, and, in some measure perhaps, to a higher regard for human life and the value of physical efficiency."

(9, 10) There was no error in joining in one action two separate and distinct causes of action.—*L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110; *Iron City Mining Co., et al. v. Hughes,* 114 Ala. 608, 609, 42 South. 39; *Birmingham Ry., L. & P. Co. v. Nicholas,* 181 Ala. 491, 61 South. 361. Assuming, for the sake of answering appellant's argument, that there was no evidence to support a judgment as to one of the causes of action, there was a general verdict or finding, and this will be referred to the count or counts supported by the evidence.—*Shannon v. Lee,* 178 Ala. 463, 467, 60 South. 9. As was said in *Briel v. Exchange National Bank,* 180 Ala. 576, 578, 61 South. 277, 278:

[Postal Tel.-Cable Co. v. Shepherd.]

"The trial in the lower court was by the judge without a jury. * * * The decisive question was purely one of fact, * * * and * * * the conclusive force and effect of a verdict rendered by a jury, and the only inquiry we may here make is whether there was sufficient evidence to support the judgment. * * * "In such cases the rule is not to reverse the finding, unless it is so manifestly against the evidence that a judge at nisi prius would set aside the verdict of a jury rendered on the same testimony.'—*Nooe v. Garner,* 70 Ala. 443. And that should never be done 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.'—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738. As said in that case, the trial judge 'has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor or convenient failure of memory to avoid impeachment, or for other improper purpose. The appellate court, possessing none of those aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is worthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses.'—92 Ala. 634, 9 South. 739."

We find no error prejudicial to appellant in the record that would justify a reversal.

Affirmed.