(88 South. 191)

SCHLOSSBURG v. WILLINGHAM.
(6 Div. 787.)

(Court of Appeals of Alabama.   Feb. 1, 1921.)

1. TROVER AND CONVERSION ⬤∽32(4)—PLEADING NOT AVERRING TIME OF CONVERSION DEMURRABLE.

A count in trover is subject to demurrer where the time of conversion is not averred.

2. TRIAL ⬤∽396(1)—FINDING REFERRED TO COUNT SUPPORTED BY EVIDENCE.

Where there was no evidence to support an insufficient count in trover, the general finding of the trial court sitting without a jury will

be referred to the count supported by the evidence.

3. TRIAL ⬤∽392(1) — SPECIAL FINDINGS SHOULD BE REQUESTED.

Where one count was insufficient, but there was no evidence to support it, if defendant desired to be protected from the results of a general finding, he should have moved for a special finding.

4. SALES ⬤∽359(2) — VERDICT FOR AMOUNT OTHER THAN TESTIMONY SHOWED NOT UNSUPPORTED BY EVIDENCE.

In assumpsit for the value of a stock of merchandise sold defendant, where under one phase of the testimony plaintiff was entitled to judgment for $37.50 and under another to a judgment for $100, but the testimony of a witness for defendant placed the value materially lower, a judgment for $75 was not unsupported by the evidence.

5. JUDGMENT ⬤∽255—COURT CANNOT ARBITRATE BETWEEN PARTIES, BUT MUST GIVE RELIEF ON THE EVIDENCE.

A court cannot arbitrate between litigants in deciding cases, but must render judgment on the evidence.

6. APPEAL AND ERROR ⬤∽931(1)—JUDGMENT SUPPORTED BY EVERY FAIR PRESUMPTION.

When there is evidence to sustain the judgment, the trial court is entitled to every fair presumption in its favor.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. S. Willingham against W. S. Schlossburg in assumpsit and conversion. From a judgment for plaintiff, defendant appeals.   Affirmed.

The trial was · by the court without the intervention of a jury.   The controversy arose over the sale by the plaintiff to the defendant of the lease for five years upon a little storehouse at Brighton, Ala., together with certain merchandise in the store at an agreed consideration of $350, $25 of which was paid; the balance to be paid when the lease was properly transferred to the defendant.   There was dispute as to whether there was a lease and as to whether it was ever transferred, the defendant contending that there was no such lease, that $50 was a full valuation for the stock of goods, and he therefore paid into court after tender to the plaintiff the sum of $37.50, $25 being for the goods and $12.50 being for the occupation of the store for two months, claimed by the defendant to be the extent of plaintiff's leasehold interest.

Goodwyn & Ross, of Bessemer, for appellant.

Count in conversion should have alleged the time.   159 Ala. 313, 49 South. 310;  6 Ala. App. 537, 60 South. 520.   The verdict

was not supported by the evidence, and the motion for new trial should have been granted. 200 Ala. 190, 75 South. 938; 178 Ala. 469, 59 South. 568; 157 Ala. 416, 47 South. 570; 133 Ala. 233, 32 South. 13.

Mathews & Mathews, of Bessemer, for appellee.

The count in conversion need not be considered, but the judgment will be referred to the count supported by the evidence. Case was tried by the court. There was evidence supporting the finding, and it will not be disturbed by the appellate court. 162 Ala. 108, 49 South. 1030; 70 Ala. 466.

SAMFORD, J. [1-3] The third count, being in trover, should have averred the time of conversion. Failing in this, was subject to demurrer. Tallassee Falls Manufacturing Co. v. First National Bank, etc., 159 Ala. 315, 49 South. 246; Kilgore & Son v. Shannon & Co., 6 Ala. App. 537, 60 South. 520. But there was no evidence to support a judgment as to the count in trover, and the general finding of the trial court, sitting without a jury, will be referred to the count supported by the evidence. P. St. A. & G. S. S. Co. v. Brooks, 14 Ala. App. 364, 70 South. 968; Shannon v. Lee, 178 Ala. 463, 60 South. 99. If the defendant desired to be protected from the results of a general finding, he should have moved for a special finding.

[4] The defendant moved for a new trial, on the ground that no phase of the evidence justified the finding and judgment. Under one phase of the testimony, plaintiff was entitled to a judgment of approximately $37.50, under another to a judgment for $100, if the valuations placed upon the items of merchandise by plaintiff were alone considered, and under still another phase, plaintiff was entitled to a judgment for $325; but as to this last, we are of the opinion that the evidence preponderates against it. There was judgment by the court for plaintiff in the sum of $75. Taken alone, as we have said, the valuations under the second phase as above set out, the judgment should have been approximately $100; but in fixing the value of the articles the court was bound to consider the testimony of defendant's witness Allen, whose estimate of value was materially lower upon the items as to which he testified.

[5, 6] A court cannot arbitrate between litigants in deciding cases, but must render judgments on the evidence. When, however, there is evidence to sustain the judgment, the trial court is entitled to every fair presumption in its favor.

The court did not err in overruling the motion for a new trial.

There is no error in the record, and the judgment is affirmed.

Affirmed.