140 So. 176

## GLADNEY v. STATE.

### 8 Div. 557.

Court of Appeals of Alabama.
March 1, 1932.

Henry D. Jones, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

■■ This cause was tried in the circuit court before the judge, sitting without a jury.

There were several exceptions reserved by defendant on the admission of testimony. For instance, the state was permitted to prove, over objection and exception by defendant, that at the time the alleged insulting language was used the prosecuting witness was pregnant, and further that, after the alleged insulting language, Mrs. Narmore, a sister of prosecutrix, was sent for by prosecutrix, and, when Mrs. Narmore came, prosecutrix was sitting in a swing on the front porch crying and prosecutrix told then and there what had happened.

The pregnancy of the prosecutrix was irrelevant and incompetent evidence, and related in no way to the alleged insult, and what transpired between prosecutrix and her sister some time after the alleged insult was not a part of the res gestæ, nor could the testimony be used to "bolster up" the testimony of prosecutrix. The only effect of this testimony was to prejudice the defendant's cause in the mind of the court who was to pass upon the facts.

There has been a line of decisions, notably Holmes v. State, 108 Ala. 24, 18 So. 529; International Agr. Corp. v. So. R. Co., 188 Ala. 354, 66 So. 14; McSwean v. McSwean, 204 Ala. 663, 86 So. 646; State v. Ala. Land & Min. Co., 210 Ala. 162, 97 So. 539; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Pensacola, St. A. & G. S. S. Co. v. Brooks, 14 Ala. App. 364, 70 So. 968, and many others, holding that, where the trial was had by the court without a jury, and there is sufficient evidence to support a judgment, the same will not be reversed on appeal because of the admission of illegal testimony; that in such cases the appellate court will conclusively presume that the judgment was based upon sufficient legal evidence.

A different rule from the above was announced in First National Bank, etc., v. Chaffin et al., 118 Ala. 246, 24 So. 80, in which case many former decisions were either modified or overruled, since which time the later rule has been followed, the latest statement being in Springer et al. v. Sullivan, 218 Ala. 645, 119 So. 851, 852, wherein Foster, J., clearly expresses the rule as follows: "When a case at law is tried by a judge without a jury, and illegal evidence is introduced, it will require a reversal of the judgment, unless the remaining evidence is without conflict and sufficient to support the judgment." To this should be added the exception of those cases coming under the influence of Supreme Court rule 45.

We cannot apply rule 45 to this case, and, for the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.