ROBERTSON, Presiding Judge.
Alonzo Urquhart, Jr., appeals from a judgment of the Montgomery County Circuit Court awarding Phyllis Cooks $338.96 on her claims arising from a fight between dogs in the parties’ care. We reverse and remand.
Cooks sued Urquhart in the Montgomery County District Court, alleging that Urquhart owed her $677.92 because he had allegedly permitted two of his rottweiler dogs to attack a rottweiler dog that was owned by Smith but which was in her care, causing the dog to suffer injuries and causing her to incur veterinary expenses and lost time from work. Cooks moved to add Smith as a plaintiff, which motion was granted. Urquhart answered and counterclaimed, seeking $694 for expenses he had allegedly incurrpd as a result of the dog-fighting incident. The district court rendered a judgment in favor of Urquhart on the claim asserted by Cooks and Smith and in favor of Cooks on Urquhart’s counterclaim.
Cooks and Smith appealed to the circuit court for a trial de novo on their claim; Urquhart did not appeal. Urquhart filed a motion to dismiss, which was not ruled upon. The circuit court held an ore tenus hearing, at which it received testimony from the parties, and entered a judgment stating, in pertinent part:
“On May 3, 1999, this Court held a trial in [this] case. After hearing testimony from the parties, the Court finds that it is impossible to determine which party is at fault; therefore,' the Court splits the judgment entered by the District Court.
“It is Ordered that defendant Alonzo Urquhart, Jr. has 30 (thirty) days from the date of this order to pay plaintiff Phyllis Cooks the sum of $338.96.”
Urquhart’s subsequent postjudgment motion was denied.
We note that the trial court’s judgment contains no specific findings of fact. Under these circumstances, our review is governed by these principles:
“Because the trial judge made no specific findings of fact, this Court will assume that the trial judge made those findings necessary to support the judgment. Under the ore tenus rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness.and will not be reversed unless found to be plainly and palpably wrong. The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment.”
Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992) (citations and internal quotation marks omitted).
Urquhart contends that the trial court’s judgment was erroneous because, he says, it is based upon the premise that the district court had entered a judgment in favor of Cooks and had awarded Cooks the sum of $677-92. We have reviewed the record and cannot find any indication that the district court’s judgment awarded Cooks and Smith any amount of monetary damages on their claim against Urquhart, much less the precise amount requested in the complaint, and to that extent, the circuit court’s implicit finding that the district court made such an award is plainly and palpably wrong. Because that erroneous finding is necessary to support the circuit court’s judgment, we must reverse the judgment of the circuit court and remand for further proceedings.
*889 Our reversal of the circuit court’s judgment renders moot Urquhart’s second contention — that the circuit court’s statement that “it is impossible to determine which party is at fault” amounted to a finding that Cooks and Smith, the plaintiffs, had not met their burden of demonstrating, by a preponderance of the evidence, that Urquhart was negligent, and that the judgment in favor of Cooks was therefore inconsistent. However, we note that that contention is consistent with Alabama precedents (e.g., Hunter v. State, 293 Ala. 226, 301 So.2d 541, 543 (1974) (one who has burden of proof will lose “if the evidence is equally balanced”)), and that a court, in deciding cases, must render a judgment on the evidence rather than “arbitrating; between litigants.” See Schlossburg v. Willingham, 17 Ala.App. 678, 679, 88 So. 191, 192 (1921). The circuit court should, on remand, take these principles into consideration.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and ■ THOMPSON, JJ., concur.