# Shannon *v.* Lee.

## *Assumpsit.*

(Decided November 28, 1912.   60 South. 99.)

1. *Brokers; Contract; Construction; "Real Estate Broker."*—An agreement authorizing plaintiff to sell certain land belonging to defendant at a commission of 50 cents per acre, and further providing that if "any trade be made within twelve months with parties brought to" defendant by plaintiff, defendant will protect plaintiff in his commission, contemplated by the latter provision which is quoted, any trade which might result from negotiations by defendant with the party brought to him by plaintiff, although not participated in by plaintiff, and made plaintiff for twelve months a real estate broker in the strictest sense; that is, a middleman, whose office is to bring together principals with the understanding that they are to negotiate with each other and trade upon mutually satisfactory terms.

2. *Appeal and Error; Harmless Error; Pleadings.*—Where there was evidence to support sufficient counts, including the common counts the court's finding will be attributed to such sufficient counts, and the ruling of the court overruling a demurrer to an unsupported count was harmless to defendant.

3. *Same; Findings of Court; Conclusiveness.*—Where the court sits without a jury its finding on the conflicting evidence is conclusive on appeal.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Joseph Lee against J. S. Shannon to recover commissions as a real estate broker. Judgment for plaintiff and defendant appeals. Reversed and remanded.

HARSH, BEDDOW & FITTS, for appellant. The rule is inflexible that where there is an expressed contract plaintiff cannot resort to an implied one, but must recover if at all on the express contract having first shown in order to do so, the complete performance of the same on his part, the only exception being that he may recover on the common count where it is shown that the contract has been fully performed on his part according to its terms, and nothing remains to be done but for the other party to pay.—*Martin v. Massey,* 127 Ala. 504; *Carbon Hill v. Cunningham,* 153 Ala. 573; *Maxwell, et al. v. Moore,* 163 Ala. 491; *Deas v. Self,* 165 Ala. 225. Where there is a special contract fixing the rate, it is not competent to prove the usual rates charged by brokers for like services.—*Sayre v. Wilson,* 86 Ala. 158; 4 A. & E. Enc. of Law, 970. Before a real estate broker can recover for commissions he must show that he has fully performed in that he has found and brought to the owner a purchaser ready, willing and able to purchase on the prescribed terms.—139 Am. St. Rep. 1071; *Jackson v. Parrish,* 157 Ala. 584.

CAMPBELL & JOHNSON, for appellee. When a case is tried by a court without a jury on conflicting evidence, the finding of the court is equivalent to the verdict of the jury, and will not be disturbed on appeal unless plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 240; *City of Ensley v. Smith,* 165 Ala. 387. The judgment in this case is referable to the 2nd, 3rd, 4th and 5th counts, which are conceded to be sufficient, and hence, will be referred to those counts, and any error in reference to the other pleadings would be harmless. *Handley v. Shafer* in MSS; *Stevens v. Bailey & Howard,* 149 Ala. 256. The situation is inaptly referred to by appellant as one involving expert evidence; it is rather one involving acquaintance, and opportunity and hence, the evidence of Lee was some evidence conducing to show custom, and was clearly admissible.—*Henderson-Boyd L. Co. v. Cook,* 149 Ala. 226; *A. G. S. v. Vail,* 155 Ala. 382; *Ala. C. C. & I. Co. v. Heald,* 168 Ala. 626. It was obviously proper for plaintiff to prove that Stewart approached Shannon with the express purpose of purchasing the land in connection with Howell, and associates. —*Smith v. Sharp,* 162 Ala. 433; *Hutto v. Stough,* 157 Ala. 566. The production of Howell to Shannon was the procuring cause of the sale.—168 Mass. 274.

McCLELLAN, J.—Action by a real estate agent (appellee) against the owner (appellant) for commissions in respect of sale of lands in Winston county, Ala. On February 4, 1909, the following written contract was executed by appellant: "This agreement, made between J. S. Shannon and J. P. Lee, witnesseth: (1) Shannon owns and controls 7,000 to 10,000 acres timber land in Winston county, Alabama. He authorizes and empowers Lee to make sale of same, at $5 per acre, fee simple, except 1,100 to 1,200, and upon sale will

pay Lee commission of 50 cents per acre. (2) Shannon agrees, if necessary and desirable, to become interested in purchase or sale to extent of one-half. He further agrees to grant easy terms of settlement, one-half cash being paid down. (3) Shannon binds himself to deliver warranty deed, with good title, if sale effected; and, further, if any trade be made within 12 months with parties brought to him by Lee, to protect said Lee in his commission."

There are, in a presently important sense, two phases of the engagement imported in this instrument: First, if Lee made a sale at $5 per acre, his commissions should be 50 cents per acre; second, if any trade for the sale of the lands was made within 12 months with parties brought to Shannon by Lee, then Lee was to be protected in his commissions.

Evidently the latter stipulation contemplated "any trade" that might result from negotiations by Shannon, and not participated in by Lee—a matter of less effort on Lee's part than would be naturally the case if he (Lee) effected a sale at the specified price per acre provided in the former (first) phase of the engagement. The latter phase presents the significant omission to specify the price per acre in effecting a sale "with parties brought to him (Shannon) by Lee," and also an equally significant omission to stipulate for the *same* commissions which were assured to Lee if he *effected a sale* at the specified price of $5 per acre. Under the latter phase of the contract, Lee was constituted, for a period of 12 months, a real estate broker in the strict sense of the term, viz.: "A middleman, whose office it is to bring the principals together with the understanding that they are to negotiate with each other and trade upon such terms as may be mutually satisfactory."—

*Handley v. Shaffer*, 177 Ala. 636, 59 South. 286, 290, 291.

There being no contention by the plaintiff that he "made a sale" of the lands, or any part of them, under the first phase of the contract, his right to recover must find support, if at all, under the strictly brokerage provision of the instrument. According to the evidence, the major meritorious issues were of fact, and were these: (a) Whether, within 12 months from the date of the contract, Lee "brought" to Shannon a party or parties with whom Shannon made a trade for the lands in Winston county; (b) whether Lee legally abandoned the undertaking (19 Cyc. p. 221); (c) if not, and if Lee brought such party or parties to Shannon there being no rate of commission specified, what was a reasonable compensation for the services rendered by Lee in bringing such party or parties to Shannon? The evidence on all these issues was in conflict; the court, without a jury, resolving them in favor of the plaintiff.

The first count of the complaint purports to declare upon a liability traceable alone to the first phase of the contract. Demurrer thereto was overruled. That ruling is now assigned for error. There was, as appears from the entire evidence set out in the bill no possible support for this count. After amendment, the complaint contained, besides count 1, count B, and three common counts. If justified by the evidence, and if the other counts were sufficient, which is clear, the finding of the court will be attributed to the counts other than 1. So, if it be assumed (not decided) there was error in the ruling on the demurrer to the first count, it was harmless to the defendant.

There was evidence tending to support plaintiff's theory that he "brought" H. C. Howell to defendant; that, latter, Howell presented or interposed others

in the matter of the sale and purchase of, approximate-
ly, 5,000 acres of defendant's land; that a corporation,
of which Howell and defendant were among the stock-
holders, was formed; that through that corporation the
quantity of land indicated was sold; that the price of
$3.50 per acre was fixed by mutual agreement of Shan-
non and the purchasing organization; that Howell
participated in the negotiations and arrangement of
the dealing and corporate organization. Whether these
tendencies of the evidence, opposed as they were by other
evidence, were to be credited, was a matter for the judg-
ment of the court, sitting without a jury. On the oth-
er hand, the evidence for defendant, to the effect that
Lee abandoned his part of the engagement, was counter-
ed by his evidence, as was the case, also, with respect to
Lee's acceptance of a final, full elimination of Howell
after Lee had brought Howell to Shannon—an act of
introduction upon which both are agreed.

Errors are assigned as upon upwards of 30 rulings
on the admission and rejection of evidence. All those
urged in brief have been carefully considered, and no
prejudicial error appears as to them. Many of the in-
sistences for error arise out of a misapprehension of the
legal effect of the stated second phase of the contract.
All evidence, all circumstances, touching the conduct
and acts of Lee, and of Shannon, Howell, Piersoll, and
others related thereto, in reference to the lands men-
tioned in the contract, were admissible upon the issues
of fact before stated. The organization of the corpora-
tion, the investigation, by an attorney, of the titles to
the lands proffered by Shannon, and the payment there-
for, were inquiries of immediate bearing on the issues
in the case.

Upon the issues—(c) before stated—the court finds
no evidence tending in any degree to support a conclu-

sion even approximating that fixed by the judgment of the city court. There is evidence tending to show what would have been or was a reasonable compensation for a *sale* of these lands; but, as has been indicated, there was no pretense that plaintiff effected a sale of the lands. In this state of the proof, the court erred in adjudging any particular sum as compensation for the strictly brokerage service rendered (if that is so found) by the plaintiff under the contract here relied on. The writer entertains serious doubt of the soundness of this conclusion, but yields his view to that of the majority.

For this error, the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.