[Stephenson v. Jebeles & Colias Confectionery Co.]

# Stephenson *v.* Jebeles & Colias Confectionery Company.

## *Assumpsit.*

(Decided May 21, 1914. 65 South. 314.)

1. *Appeal and Error; Finding; Conclusion.*—A finding of fact by a trial court sitting without a jury and based on conflicting evidence will be given the force and effect of the verdict of the jury, although the statute requires a review of such judgment and finding without any presumption in favor of the lower court on the evidence.

2. *Sales; Contracts; Breach; Burden of Proof.*—To recover for the breach of a contract for the sale of flour the plaintiff has the burden of showing the price at which the amount and grade of flour specified by the contract, at the time of the breach, could have been sold at the place of contract for delivery, at the time fixed.

3. *Witnesses; Credibility; Disregarding Testimony.*—The fact that the court discredited some of the testimony of a defendant's witness, did not require that the whole of the testimony should be disregarded.

4. *Damages; Breach of Contract; Nominal.*—In the absence of proof of actual damages only nominal damages may be recovered for the breach of a contract.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. W. Stephenson doing business, etc., against the Jebeles & Colias Confectionery Company, for breach of contract for the sale of flour. From a judgment awarding insufficient damages, plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant. The proper measure of damages was set up in the complaint as amended, and established by the testimony.—*Jebeles, etc., v. Stephenson,* 6 Ala. App. 103. The rule for review of this is stated in section 11 of the Act of February 28, 1889, amendatory of the act establishing the Birmingham City Court.—Acts 1888-9, p. 992, and provides that no

presumption shall be indulged in favor of the finding of the trial court.

F. E. BLACKBURN, for appellee. Notwithstanding the provisions of the act creating the city court of Birmingham, the court will give to the finding of the judge when sitting as a tryor of the facts the same weight and conclusiveness as that of a verdict of the jury.— *G. A. P. Co. v. L. & N.,* 1 Ala. App. 272. The measure of damages was the difference in the market value of the amount and quality of flour at the time of the breach at the time and place of delivery —*Robinson v. Hirschfelder,* 59 Ala. 503.

WALKER, P. J.—This case was here on a former appeal.—*Jebeles & Colias Confectionery Co. v. Stephenson,* 6 Ala. App. 103, 60 South. 437. The present appeal is from a judgment rendered by the court sitting without a jury. It was in favor of the plaintiff, but awarded him only one cent damages.

The bill of exceptions recites that:

"At the close of the testimony the court announced that he was satisfied that the contract was made and that it had been breached, but that it did not satisfy him as to the extent of the decline in the market."

The evidence bearing on the feature of the case as to which the court announced that it was not satisfied consisted of the oral testimony of two witnesses, that of the plaintiff's selling agent, and that of an officer of the defendant corporation. Their testimony was in sharp conflict. It is a familiar rule in this state that the conclusion of a court sitting without a jury, if based upon the oral testimony of witnesses, must on appeal be given the force and effect of a verdict of a jury, and, unless plainly wrong, cannot be disturbed, through a

statute requires the appellate court to review the judgment and finding without any presumption in favor of the court below on the evidence.—*Winter-Loeb Grovery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, 58 South. 807; *Glenn Refining Co. v. Webster,* 5 Ala. App. 441, 59 South. 717; *Millner v. State,* 150 Ala. 95, 43 South. 194; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

The conclusion announced by the court is criticised for an alleged inconsistency in rejecting the testimony of the defendant's principal witness as to the making of the contract and at the same time giving it weight on the inquiry as to damages. This criticism assumes that, if the testimony had not been treated as true in part, the court was bound to have been satisfied that the testimony introduced by the plaintiff sufficiently proved that he had sustained substantial damage and the amount of it. The record does not enable us to affirm that such a conclusion must have followed from the testimony for the plaintiff if it had remained wholly uncontradicted. For the plaintiff to sustain the burden which was upon him of proving the amount of substantial damages to which he was entitled for the breach of the contract sued on it was incumbent upon him to prove the price at which, at the time of the breach, the amount and grade of flour mentioned in the contract could have been sold for delivery in May, June, July, and August, 1911, in Birmingham, Ala.—*Jebeles & Colias Confectionery Co. v. Stephenson, supra.* We cannot affirm that the record proves that the plaintiff's witness had the requisite information on this point, or that his testimony as to the price at which such a sale could have been made at the time and place in question was such that the court was bound to regard it as satisfactory and convincing. His testimony as it is set out in the record is not devoid of indications that he lacked

full and accurate information on the subject. The weight of his testimony may have been further impaired by infirmities which were obvious to the trial court, with the witness testifying in its presence, but which are not disclosed by the written report of it found in the record, as fully to justify the court in declining to accept it as a basis for a finding of a fact in issue.

Besides, even if the court was influenced by the conflict between this testimony and that introduced by the defendant, we cannot say that this was unwarranted because it is apparent from the conclusion announced by the court that it did not credit all of the latter testimony. There is no rule of law which requires a trior of fact to reject all of the testimony of a witness because a part of it is not believed to be true. It may well happen that one part of the testimony of a witness discloses the truth while another part of it does not, and that a trior of the facts is warranted in finding accordingly.

It is not apparent from the record that the court was plainly wrong in its conclusion that no amount of substantial damages was satisfactorily proved. In the absence of such proof only nominal damages properly could be awarded, though the alleged breach of the contract was established.

Affirmed.