(76 South. 471)

BRYAN v. HUNNICUTT.   (3 Div. 274.)

(Court of Appeals of Alabama.   June 30, 1917.)

1. HUSBAND AND WIFE ☞138(10)—HUSBAND AS WIFE'S AGENT — ALTERATION OF CONTRACT.

If the husband of a woman who owned a building in course of construction was her general agent, having general supervision of the work, and, as such agent, he ordered or contracted for a contractor to finish floors to substitute shellac for the paste filler called for by the contract, and the contractor did so, the wife was bound by the act of her agent.

2. APPEAL AND ERROR ☞925(1) — PRESUMPTIONS FAVORING COURT BELOW.

Where the case was tried without a jury, every reasonable presumption will be indulged in favor of the correctness of the rulings of the trial court.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by E. E. Hunnicutt against Hallie F. Bryan. From a judgment for plaintiff, defendant appeals. Affirmed.

Ball & Samford, of Montgomery, for appellant. J. Lee Holloway, of Montgomery, for appellee.

BRICKEN, J. [1] This is an action for work and labor performed by appellee for the appellant. The parties entered into a written contract whereby appellee was to finish some floors with "one coat of paste filler rubbed in." Appellee left off the paste filler and substituted in lieu thereof a coat of shellac by agreement with appellant's husband; otherwise the contract was substantially complied with. There is evidence in the record which would support a finding that Mr. Bryan was the general agent of his wife and that he had "general supervision" of the work on the building that was being erected by his wife. If Mr. Bryan was such agent, and the trial court found that he was, and that as such agent he ordered or contracted for appellee to substitute shellac for paste filler, and appellee did this, the appellant was bound by the act of her agent, and was therefore under all the evidence, liable to the appellee for the balance due under the contract.

[2] The case was tried by the court without a jury, and every reasonable presumption will be indulged in favor of the correctness of the rulings of the trial court. Hackett v. Cash, 196 Ala. 403, 72 South. 53. No errors appearing, the judgment is affirmed.

Affirmed.

SAMFORD, J., not sitting, having been of counsel.

---

(76 South. 471)

RICHEY v. STATE.   (7 Div. 450.)

(Court of Appeals of Alabama.   June 30, 1917.)

CRIMINAL LAW ☞1090(14)—APPEAL AND ERROR—BILL OF EXCEPTIONS—NECESSITY—INSTRUCTIONS.

Where time for signing and filing bill of exceptions in criminal case has expired, and there appears no bill of exceptions in the record, the Court of Appeals will not review charges given and refused.

Appeal from City Court of Anniston; Thos. W. Coleman, Jr., Judge.

Ed Richey was convicted of the crime of seduction, and appeals. Affirmed.

P. F. Wharton and Harvey A. Emerson, both of Anniston, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for seduction. The indictment charges that Ed Richey, alias, etc., a man, did, by means of temptation, deception, arts, flattery, or promise of marriage, seduce Margarte Tidwell, an unmarried woman, against the peace and dignity of the state of Alabama. The defendant was convicted on October 16, 1916. The appeal was taken on October 18, 1916. The time for signing and filing of the bill of exceptions having expired, and there appearing no bill of exceptions in the record, this court will not review the given and refused charges. Mitchell v. State, 15 Ala. App. 109, 72 South. 507; Paitry v. State, 196 Ala. 598, 72 South. 36.

The record is without error, and the judgment of the trial court is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes