(77 South. 438)

TENNESSEE RIVER NAV. CO. v. J. C. JACOBS BANKING CO.
(8 Div. 497.)

(Court of Appeals of Alabama.   Nov. 27, 1917.)

1. SHIPPING ⟪129 — CARRIAGE OF GOODS — CONTRIBUTORY NEGLIGENCE.

If, on account of high water, a shipper could not have loaded stave bolts without building staging so expensive as to make loading in such manner impracticable when a barge was first furnished by defendant, he was not negligent in not adopting such method, so as to bar recovery for defendant's later failure to furnish a barge.

2. WITNESSES ⟪388(2) — IMPEACHMENT — FOUNDATION.

In the absence of a proper foundation, a witness cannot be impeached by proof of prior inconsistent statements.

3. APPEAL AND ERROR ⟪1050(1) — ADMISSION OF EVIDENCE—HARMLESS ERROR.

In an action for damages for failure to furnish a barge for transportation of stave bolts, evidence that plaintiff offered to turn the bolts over to defendant carrier for the purpose of disposing of them, offered on the theory that it was plaintiff's duty to minimize damages, could not have prejudiced defendant.

4. APPEAL AND ERROR ⟪1010(1)—REVIEW—FINDINGS OF FACT.

Where there is evidence in the record which, if believed, tends to support the conclusions reached by the trial court, who heard the witnesses and had a better opportunity to judge as to their credibility than the court on appeal, the conclusions will not be disturbed.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by the J. C. Jacobs Banking Company against the Tennessee River Navigation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant. Bouldin & Wimberly, of Scottsboro, for appellee.

BROWN, P. J. This action is by appellee against the appellant to recover damages alleged to have resulted from a breach of the defendant's duty to furnish a barge for the transportation of stave bolts placed by the plaintiff at Larkin's Landing on the Tennessee river; the defendant being engaged in the business of a common carrier. The contention of the plaintiff was that the stave bolts were placed for shipment at Larkin's Landing the latter part of September, 1915, and that he requested the defendant to place a barge for the purpose of loading them, and it appears from the evidence that on October 2d a barge was placed near the landing, and, according to the custom prevailing, the barge was to be loaded ready for movement on the next up trip, October 9th. The barge was not loaded, as plaintiff contends, on account of high water on the river, making it impracticable for him to load the barge. This being explained to the captain of the defendant's boat, the plaintiff contends that the barge was left to be ready for movement on the next up trip, October 16th, but on the down trip October 13th the defendant took the barge away, and advised the plaintiff by letter that it would be replaced the following week, but in fact did not replace it until November 17th. The plaintiff further contends that the barge was pushed up on the willows, so that he could not get it down to the loading chute, and he had to wait until the return of the boat on the next trip to have it pulled off of the willows. The barge was loaded on the 26th, and moved on the 27th, about six weeks after the defendant had taken the first barge away. Plaintiff offered evidence tending to show that on account of this delay the stave bolts had become sun-cracked and worthless for the purpose for which they were intended. The plaintiff's further contention is that this condition resulted as a proximate consequence of the negligence of the defendant in failing to place the barge, or in taking it away and not returning it, while the contention of the defendant is that his damage resulted as a proximate consequence of the plaintiff's negligence in failing to load the barge between the 2d of October and the 13th of October, and offered evidence tending to show that, notwithstanding the high stage of water, the plaintiff, by building a staging or a gangway, could have reached the barge and loaded it, and to rebut this theory or contention the plaintiff offered evidence to show that the cost of building such staging, as compared with the value of the stave bolts, was such as to render it impracticable to load them in this manner. This evidence was offered over the objection of the defendant, and we think properly so, for the reason embodied in the statement of the proposition above.

[1] If the cost of building the staging and loading in this manner was so burdensome as that it would deprive the plaintiff of the benefits arising from the shipment, it would be unreasonable to say that he was guilty of negligence in not adopting this method. It was not permissible for the witness Wilkes to detail the conversation between himself and Capt. McKee. This was purely hearsay, and was prima facie inadmissible. Alabama City, Gadsden & Attalla Ry. Co. v. Appleton, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181.

[2] The exclusion of the statement made by Mayo as to the conversation between the witness and Kopp could not have prejudiced the defendant, for the reason that Mayo's statement was rather corroboratory of the showing than contradictory of it, but, conceding that it was for the purpose of contradicting the showing, this could not be done in this case, for the reason that a predicate

---

had not been laid for showing such contradictory statement. 5 Mayf. Dig. 1975, § 60; Goodwin v. State, 1 Ala. App. 136, 56 South. 29.

[3] The evidence offered by plaintiff admitted by the court over the objection of the defendant, to the effect that plaintiff offered to turn the stave bolts over to the defendant for the purpose of disposing of them was offered on the theory that it was plaintiff's duty to minimize the damage by disposing of the stave bolts for firewood, if this could be done, and we do not see how this evidence could have prejudiced the rights of the defendant. The other rulings of the court on the admission of evidence are not erroneous.

[4] There is evidence in this record which, if believed, tends to support the conclusion reached by the trial court, who heard the witnesses and had a better opportunity to judge as to their credibility than we have, and we are not convinced that the conclusion announced in the judgment was wrong. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Corporation, 196 Ala. 422, 72 South. 54; Ross v. State, 15 Ala. App. 187, 72 South. 759; Mulligan v. State, 15 Ala. App. 204, 72 South. 761.

Affirmed.