(82 South. 441)

FINNEY v. NEWSON.  (8 Div. 147.)

(Supreme Court of Alabama.  May 1, 1919.
Rehearing Denied June 30, 1919.)

1. APPEAL AND ERROR ☞1040(11) — OVER-RULING DEMURRER—HARMLESS ERROR.

Where plaintiff's recovery could be referred to the common counts, the action of the court in overruling defendant's demurrers to counts declaring on special contract was without prejudice to defendant.

2. EVIDENCE ☞266—STATEMENTS MADE IN PLAINTIFF'S ABSENCE—ADMISSIBILITY.

In action by plaintiff broker for services rendered defendant vendor in sale of land, questions asked purchaser as to what defendant told him about canceling the trade, plaintiff not being present, were properly disallowed.

3. BROKERS ☞88(10) — INSTRUCTIONS — COMMISSIONS—PROCURING CAUSE OF SALE.

An instruction, that to be the procuring cause of the sale it was not necessary that plaintiff broker himself concluded all the negotiations culminating in a sale of the property if he set in motion the machinery by which the work was done, was well framed.

4. BROKERS ☞88(13) — REASONABLE COMPENSATION—INSTRUCTION.

An instruction, that, if a broker introduces a prospective purchaser and the seller undertakes to conduct the negotiations and finally sells the property, he thereby waives right to insist on the terms of the contract in that respect and is liable for the reasonable commission and the contract may be introduced as a guide in arriving at what is reasonable compensation, was well framed.

5. BROKERS ☞88(10) — COMMISSION — CONSUMMATION OF DEAL BY OWNER.

An instruction, that a broker employed to sell land is entitled to his compensation if he brings to the seller a purchaser ready, able, and willing to buy on the terms named or if he brings the parties together and the sale is afterwards consummated by the seller himself, was well framed.

6. TRIAL ☞260(1) — INSTRUCTION — REFUSAL.

Where special charge was substantially covered by given charge, there was no prejudicial error in refusal of special charge.

7. BROKERS ☞86(5)—ACCEPTANCE OF PURCHASER—EVIDENCE.

The consummation by defendant vendor of sale on modified terms *held* to conclusively establish his acceptance of purchaser as one ready, able, and willing to buy.

8. NEW TRIAL ☞143 — IMPEACHMENT OF VERDICT—AFFIDAVITS OF JURORS.

Trial court, on motion for new trial, properly declined to consider affidavits of jurors whereby verdict was sought to be impeached.

9. NEW TRIAL ☞97 — SURPRISE — REMEDY —CONTINUANCE.

If defendant was surprised by the testimony of plaintiff's agent, his remedy was to invoke the court to stop the trial and continue the cause.

Appeal from Circuit Court, Madison County;  Robert C. Brickell, Judge.

Assumpsit by A. W. Newson against D. C. Finney.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Defendant asked W. E. Wood the following questions:

(1) "What did Mr. Finney tell you about canceling the trade?"

(2) "When you failed to pay the $10,000 according to this paper, what did Mr. Finney tell you?"

The following are the charges given for the plaintiff:

(3) I charge you that to be the procuring cause of the sale it would not be necessary that the plaintiff himself had concluded all the negotiations culminating in the sale of the property. It is enough if he set in motion the machinery by which the work was done.

(4) I charge you that if the broker introduces a prospective purchaser, and the seller undertakes to conduct the negotiation and finally sells the property, he thereby waives his right to insist on the terms of the contract in that respect and is liable for a reasonable commission, and the contract may be introduced as a guide for the jury in arriving at what is a reasonable compensation.

(5) A broker employed to sell land is entitled to his compensation if he brings to the seller a purchaser ready, willing, and able to buy on the terms named, or if he brings them together and the sale is afterwards consummated by the seller himself.

The following charges were refused the defendant:

(1) If the jury find from the evidence that E. B. Morring was the agent of the plaintiff negotiating the transaction between the plaintiff and the defendant, and that it was agreed that in the event of a sale the plaintiff should be paid a commission based upon the amount when paid by W. E. Wood to the defendant, then the jury can award compensation payable on the amount so paid.

(4) If the jury find from the evidence that Morring was the agent of the plaintiff negotiating the sale, and that he agreed that the commission should be collected only on the amount paid and from time to time as the same was so paid, the jury will not take into consideration the payment of $4,000 under the terms of the contract, unless the said sum of $10,000 was paid on the contract of purchase prior to the institution of this suit.

Assignment 17:

If the jury find from the evidence that the plaintiff was employed by the defendant to sell the tract of land owned by the defendant at an agreed price, then plaintiff must show that plaintiff found a purchaser who was not only financially able to pay the price on the specific

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

terms, but he must also show that the purchaser was prepared to make the cash payment required of him and that he was willing to perform the contract.

### Assignment 18:

If the jury find. from the evidence that the purchaser secured by the plaintiff to buy the defendant's tract of land tendered to the defendant a check on a bank in the place of the money stipulated to be paid as a partial payment, that the bank refused to pay said check for want of funds, and that the purchaser did not otherwise make said partial payment, then the plaintiff was not entitled to recover, and the verdict should be for the defendant.

Cooper & Cooper, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

McCLELLAN, J. [1] Action by real estate agent or broker (appellee) to recover of the owner (vendor) commissions for services in reference to the sale of land. To state his case the plaintiff employed the common counts and two counts (5 and 6) declaring on a special contract. Since the plaintiff's recovery, if he was so entitled, may be referred to the common counts, either because he had fully performed the contract or on a quantum meruit, the action of the court in overruling the defendant's demurrers to counts 5 and 6 was in any event without prejudice to defendant. Kellar v. Jones, 196 Ala. 417, 420, 72 South. 89; Barnes v. Marshall, 193 Ala. 94, 69 South. 436. The theory of liability upon which plaintiff relied was that the defendant, owner, engaged the plaintiff to present a purchaser for a certain tract of land at the gross price of $35,000, "less 5 per cent. commission" to the plaintiff; $10,-000 to be paid in cash, and the terms with respect to the balance either to be ordered to suit the defendant or to be divided into annually maturing installments. The plaintiff, by his own and his agent's (Morring's) activity, interested one Wood in the purchase of the land; Wood being willing to buy at the gross price, "to be paid," to quote the paper signed by Wood of date December 19, 1917, "as follows: $10,000.00 cash, a note for $2,000.00 due January 1, 1918; * * * four notes of $5,750.00 * * * each, to be dated January 1, 1918, and due respectively one, two, three and four years with interest payable annually" he paying to plaintiff and Morring $100 in cash, "as earnest money." The plaintiff and Morring having presented Wood to defendant as a purchaser, defendant subsequently made and effected a sale of the land to Wood upon terms different in some respects from those phases of the evidence tended to show were originally contemplated when plaintiff and defendant first engaged. The defendant asserted that he annulled plaintiff's authority to sell when it appeared that Wood was not able to meet the conditions upon which the sale might then be effected; that plaintiff, or his agent, Morring, later agreed to a sale to Wood that fixed the purchase price at $36,000 (instead of $35,000), this purchase price to be tolled by $500 yielded by plaintiff out of his compensation of 5 per cent. on $36,000 and $500 yielded by defendant, constituting, as thus appears, the price to be paid by Wood the same as that originally fixed for the land; and that plaintiff's compensation, commission—after the $500 was deducted from the aggregate of 5 per cent. on $36,000 viz., $1,800 —should be paid as the purchase price was paid by the vendee, Wood. The whole evidence put the defendant's contentions in dispute, made the issues of fact subjects for the consideration and determination of the jury, and removed the possibility of general affirmative instruction for the defendant, and, in the state of the evidence, excluded successful appeal, through motion for new trial, to a revision of the conclusion attained by the jury. The general legal principles applicable to cases of the character under review have been so often and recently reiterated in the following decisions that a citation of them will suffice, in lieu of an effort that would be but an act of unnecessary repetition: B'ham Land Co. v. Thompson, 86 Ala. 146, 5 South. 473; Smith v. Sharpe, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; Kellar v. Jones, supra; Shannon v. Lee, 178 Ala. 463, 60 South. 99; Handley v. Shaffer, 177 Ala. 636, 59 South. 286—among others cited therein.

[2] The two questions propounded by the defendant to the witness Wood, seeking to elicit a recital by Wood of statements made to Wood by defendant, plaintiff not being present, were properly disallowed. The rights of plaintiff, under his asserted contract, could not have been prejudiced in any degree by statements made, out of his presence, by the defendant. The matter the examiner sought to bring out would have been hearsay, if not self-serving, in so far as plaintiff's rights were qualified or denied thereby.

[3-5] Special charges 3, 4, and 5, given at the instance of the plaintiff, were well framed, according to the apt authority of Handley v. Shaffer, supra.

[6] Pretermitting consideration of the soundness of the proposition asserted in special charge 1, refused to defendant, and in special charge 5, given at the instance of defendant, it appears that the former was substantially covered by the latter, thereby averting, in any event, prejudicial error in refusing special charge 1.

[7] There was no error committed in re-

fusing defendant's special charge numbered 4. The evidence conclusively established a sale of the land, on partially modified terms, by defendant to Wood, within a very short time after Wood—the prospective purchaser —had been presented by plaintiff, which terms, according to the defendant's contention, fixed the purchase price to be actually paid by. Wood at the same sum for which the defendant originally authorized plaintiff to sell the land. Unless the plaintiff agreed to the terms of the sale the defendant made with Wood—wherein a $500 commission discount was to be yielded by the plaintiff and, also, the payment of the commission should be made in proportion and as Wood paid the purchase price—the plaintiff had earned the commission originally stipulated,' viz., 5 per cent. on $35,000, payable when the sale the defendant made was effected. B'ham Land Co. v. Thompson, 86 Ala. 146, 149, 150, 5 South. 473. It is manifest that there was no such lapse of inactive time in the negotiations originated by plaintiff or disseveration of the, continuity of the negotiations that culminated in the sale to Wood as would have justified defendant in effectually revoking plaintiff's authority under defendant's engagement with plaintiff wherefrom plaintiff's right to the stipulated commission of 5 per cent. could be or was annulled. Handley v. Shaffer, 177 Ala. 636, 655, 59 South. 286. The consummation by the defendant of the sale to Wood—on the modified terms entering into it—effected conclusively to establish Wood's acceptance as a purchaser who was ready, willing, and able to buy. Handley v. Shaffer, 177 Ala. 636, 651, 652, 59 South. 686. The foregoing considerations justified the trial court in refusing to pass to the jury defendant's special requests for instructions set forth in assignments of error numbered 17 and 18.

[8] The trial court properly declined to consider the affidavits of jurors whereby the verdict was sought to be impeached, thus leaving the first ground of the motion for new trial without support.

[9] If, as is insisted for appellant, he was surprised that on the trial plaintiff's agent, Morring, should deny statements or agreements attributed to him by defendant's witnesses, his remedy was to invoke the court to stop the trial and continue the cause. He could, not speculate. Brown v. Brown, 76 South. 912.[1] The newly discovered matter described in the motion for new trial was not newly discovered evidence within the rule. Brown v. Brown, supra.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.