AMERICAN RY. EXPRESS CO. v. McMINN.
(8 Div. 118.)

(Court of Appeals of Alabama. April 8, 1924.)

1. Trial ⬅392(3)—Written request necessary for special findings of fact.

Parties are entitled to special findings of fact only on compliance with Code 1907, § 5360, requiring request in writing therefor.

2. Appeal and error ⬅616(1) — .Purported copy of answer in record showing no filing and not referred to in judgment not considered.

A copy of what purports to be defendant's answer appearing in the record, but showing no filing, and not alluded to in the judgment, will not be considered on appeal.

3. Evidence ⬅505—Testimony held not to call for opinion of expert.

Testimony of plaintiff, suing for loss of an article by a carrier, that the article would save half of the cost of operating a car held not to call for the opinion of an expert, but for a fact within the knowledge of witness, affecting the value of the article.

4. Appeal and error ⬅907(4)—Other sufficient evidence to support finding presumed, where bill of exceptions does not purport to contain all the evidence.

Other sufficient evidence to support the trial judge's finding will be presumed, if necessary, where the bill of exceptions does not purport to contain all the evidence.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Thomas L. McMinn against the American Railway Express Company to recover damages for failure to deliver goods. Judgment for plaintiff, and defendant appeals. Affirmed.

Street & Bradford, of Guntersville, for appellant.

Not being shown to be qualified, it was error to allow plaintiff to testify as to the saving in operating cost of an automobile by use of the appliance, the subject of the shipment. 5 Ency. Ev. 530, 569; A. G. S. v. Burgess, 119 Ala. 555, 25 South. 251, 72 Am. St. Rep. 943; 22 C. J. 516; L. & N. v. Landers, 135 Ala. 504, 33 South. 482.

D. Isbell, of Guntersville, for appellee.

The bill of exceptions does not purport to contain all the evidence, and the trial court will not be put in error in reference to its finding of facts. Middlebrooks v. Sanders,

180 Ala. 407, 61 South. 898; Hall & Farley v. Ala. Termi. & Imp. Co., 173 Ala. 398, 56 South. 235; City of Montgomery v. Stephens, 14 Ala. App. 274, 69 South. 970; So. Ry. Co. v. E. L. Kendall Co., 14 Ala. App. 242, 69 South. 328; Climer v. St. Clair Co., Tel. Co., 200 Ala. 656, 77 South. 30; Prude v. Thompson, 201 Ala. 595, 79 South. 21; Gulf States Steel Co. v. Comstock, 17 Ala. App. 430, 85 South. 305; Mathews Hdw. Co. v. Allied Sales Corp., ante, p. 303, 97 South. 166.

SAMFORD, J. [1] Parties to actions are only entitled to special findings of the facts upon a compliance with the requirements of section 5360 of the Code of 1907. The request for such finding must be in writing. In this case no such written request appears of record.

[2] This cause was tried by the court, without a jury, with no written pleading save the complaint. There is in the record a copy of what purports to be "defendant's answer to complaint." This paper shows no filing, and is not alluded to or referred to in the judgment, and will not be considered on this appeal.

[3, 4] The evidence of McMinn that the article or attachments included in the shipment would save one-half of the costs of operating a car did not call for the opinion of an expert, but as to a fact within the knowledge of the witness affecting the value of the article. The bill of exceptions does not purport to contain all the evidence. That being the case, even if there was not enough evidence to support the finding of the judge appearing in the bill of exceptions, we would presume there was other sufficient evidence on the trial justifying his judgment. Mathews Hdw. Co. v. Allied Sales Corp., ante, p. 303, 97 South. 166.

There appearing no reversible error in the record, the judgment is affirmed.

Affirmed.