(107 So. 224)

**TULLIS v. NACHMAN & MEERTIEF.**
(3 Div. 514.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

1. **Husband and wife ⚭19(7).**

Husband's common-law liability does not exist, where goods were sold and charged to wife on her individual credit, though goods are necessaries.

2. **Husband and wife ⚭232(3)—Finding of wife's liability for merchandise sold held sustained by evidence.**

Where credit for goods sold was extended to wife, who had always paid account, finding of her liability *held* sustained under evidence.

3. **Appeal and error ⚭931(1).**

Where cause is submitted to court without jury, every reasonable presumption will be indulged in favor of correctness of ruling.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on account by Nachman & Meertief against Bettis H. Tullis and another. Judgment for plaintiffs, and defendant named appeals. Affirmed.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Purchases by the wife of necessaries for the family are presumed to be on the credit of the husband. Gayle v. Marshall, 70 Ala. 522; Smyley v. Reese, 53 Ala. 89, 25 Am. Rep. 598; Landgrof v. Tanner, 44 So. 397, 152 Ala. 511; Moore v. Copley, 30 A. 829, 165 Pa. 294, 44 Am. St. Rep. 664. In making such purchases, she is presumed to act in pursuance of authority from the husband. Flinn v. Messenger, 9 N. W. 759, 28 Minn. 208, 41 Am. Rep. 279; Dodge v. Knowles, 5 S. Ct. 1197, 114 U, S. 430, 29 L. Ed. 296; 13 R. C. L. 1284. The mere fact that the wife orders the supplies and that the bills are sent to her is not enough to charge her personally. Speckmann v. Foote (Sup.) 138 N. Y. S. 380; 15 A. L. R. 851; 13 R. C. L. 1180.

L. A. Sanderson and T. B. Hill, Jr., both of Montgomery, for appellees.

Where the account is run in the wife's name, and credit is extended to her in her own name, the husband is not liable. Gafford v. Dunham, 20 So. 346, 111 Ala. 551; Pearson v. Darrington, 32 Ala. 227; Code 1923, § 8266.

BRICKEN, P. J. Appellees, plaintiffs in the court below, brought their action in assumpsit against Mrs. Bettis H. Tullis, defendant in the court below (appellant here), and against Clayton Tullis, Sr., the husband of Mrs. Bettis H. Tullis, to recover of them the sum of $227.77, alleged to be due plaintiffs by defendants, on account, together with the interest thereon accrued. Count 1 of the complaint claims said sum to be due on account; count 2 claims for merchandise, goods, and chattels sold; while count 3 claims for money had and received.

There was a discontinuance as to Clayton Tullis, Sr., and thereafter the cause proceeded to trial before the presiding judge of the court below without a jury. Judgment was pronounced in favor of the plaintiffs and against the defendant Mrs. Bettis H. Tullis, for the sum of $240.97, on the 10th day of October, 1924, and on the 5th day of November, 1924, the defendant filed her motion for a new trial, which motion was overruled and denied by the trial court on the 8th day of November, 1924, and from the judgment of the trial court in favor of the plaintiff, and from the judgment of the trial court in overruling the motion for a new trial, this appeal is prosecuted.

[1, 2] It appears from the evidence that, prior to her marriage, the defendant bought goods on a credit from Nachman & Meertief, the plaintiffs. After her marriage the defendant continued her purchases and, according to her own statement, she had all goods charged to Mrs. Clayton Tullis. During the long years of her business dealing with the plaintiffs monthly accounts were sent to her and these accounts were paid from time to time by checks signed by the defendant Mrs. Clayton Tullis. The articles composing the account were the usual and ordinary necessities for the defendant and her children. All articles were sold to Mrs. Clayton Tullis, or to her two daughters, and were charged upon the account run solely in the name of Mrs. Tullis, and all payments on the account were made by her. The articles were charged to her and the name of Clayton Tullis, Sr., nowhere appears upon the books of account, or sales ticket, nor is it claimed or pretended that, at any time, there was any contract or agreement between the husband and the plaintiffs, authorizing the plaintiffs to charge the husband with the articles purchased by Mrs. Tullis, or her daughters.

The common-law liability of the husband for necessaries furnished to the wife and members of the family is founded upon the assumption that the credit in such case was extended to the husband, and not to the wife, and that the purchases made on credit were so made with the implied assent of the husband. This common-law liability does not exist where the facts show that credit was given to the wife and the goods charged to her, and not to the husband, and that the goods were not sold to the wife upon the implied assent of the husband that they were to be charged to him. The transactions, in the present case, through a long number of years, were with the wife, alone; the merchandise was charged to her, alone; the account run in her name, alone; the statements of account were sent to her, alone; and never, by word or act, did she indicate her unwillingness to be held responsible, individually, for said purchases.

[3] The cause, as stated, was submitted for trial before the court without a jury, and the well-known rule that every reasonable presumption will be indulged in favor of the correctness of the ruling of the trial court must be applied. Bryan v. Hunnicutt, 76 So. 471, 16 Ala. App. 187; Hackett v. Cash, 72 So. 53, 196 Ala. 403; Cobb v. Malone, 9 So. 738, 92 Ala. 630.

We therefore conclude and hold that the trial court was fully justified from the evidence in pronouncing judgment in favor of the plaintiffs against defendant for the sum found to be due. Gafford v. Dunham, 20 So. 346, 111 Ala. 551; Ponder v. Morris & Bros., 44 So. 651, 152 Ala. 531. The trial court for these reasons did not err in overruling the motion for a new trial.

The judgment of the lower court must therefore be affirmed.

Affirmed.