150 So. 562

**AMERICAN BANKERS' INS. CO. v. O'NEAL.**

**6 Div. 453.**

Court of Appeals of Alabama.
Oct. 31, 1933.

David J. Davis and C. J. Griffith, both of Birmingham, for appellant.

Patrick & Appelbaum, of Birmingham, for appellee.

SAMFORD, Judge.

The complaint was originally in two counts. Count 1 declared on a contract of insurance, and count 2 was the common count declaring on an account due July 20, 1932. Demurrer to this complaint was sustained. Plaintiff was allowed to file an amended complaint consisting of counts 3, 5, and 6, to which and to each count thereof the defendant filed demurrer. These demurrers were overruled and defendant filed plea of the general issue in short by consent, etc.

There are numerous assignments of error, but appellant only presents in its brief the rulings of the court on the demurrers, thereby waiving all other assignments. The cause was tried by the judge, sitting without a jury. Judgment was rendered for plaintiff, and from that judgment this appeal is taken.

560

We may say in the outset that appellee's contention that the cause was tried on count 2, which is the common count for an account, is not borne out by the record. The demurrer filed October 22, 1932, went to both counts of the complaint. When this demurrer was sustained, it eliminated both counts of the complaint, and the amended complaint filed November 22d did not contain the common count as did the original complaint.

The cause proceeded to trial on counts 3, 5, and 6 and issue joined on these counts.

■ If, therefore, there is a good count in the complaint, although some of them may be bad, the judgment will be referred to the good count, and if there is evidence to sustain it, the judgment will not be reversed. Turnipseed v. Burton, 4 Ala. App. 612, 58 So. 959; Morgan v. Embry, 17 Ala. App. 276, 85 So. 580; Lang v. Leith, 16 Ala. App. 295, 77 So. 445.

■ Under decisions of the Supreme Court in Life & Casualty Insurance Company v. Foster, 212 Ala. 70, 101 So. 765, and Benefit Assn. Ry. Employees v. Armbruster, 217 Ala. 282, 116 So. 164, 165, counts in a complaint similar to counts 3 and 6 are held to be bad and subject to demurrer, in that they fail to aver the term of the policy, and because the allegation that, at the time of the alleged illness, the policy was in full force and effect, is a mere conclusion of the pleader. But, in Sov. Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410, it is pointed out by Knight, J., that the allegation "for the term of ―― years" has been dropped from the form in the Code of 1923. It is also pointed out by Brown, J., in Am. Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110, where it is alleged in a complaint that the amount claimed was *due* carried with it the burden to the plaintiff of showing injury claimed for occurred within the period covered by the policy. In passing on a complaint similar to the complaint in the instant case, Foster, J., has pointed out the change in the form laid down in the Code of 1923, form 12, § 9531, and approved the action of the trial court in overruling demurrers on grounds pointing out the above noted defects. Following former decisions, Thomas, J., speaking for the court, affirms the action of the lower court in overruling demurrers to a count similar to the count here considered. Am. Bankers'Ins. Co. v. Dean (Ala. Sup.) 150 So. 333.

Count 3 being a good count, and the judgment of the court on the facts being referable to that count, it becomes unnecessary to pass upon counts 5 and 6.

There is no reversible error, and the judgment is affirmed.

Affirmed.