153 So. 782

**BATES v. TURNEY.**

**8 Div. 950.**

Court of Appeals of Alabama.
March 27, 1934.

O. Kyle, of Decatur, for appellant.

J. N. Powell, of Hartselle, for appellee.

SAMFORD, Judge.

[█ Count 4 of the complaint, as amended, is as follows: "Plaintiff claims of defendant $45.00 damages for deceit in the sale or exchange of certain lands belonging to the defendant and plaintiff, and representing to plaintiff by defendant that his land only had a mortgage indebtedness upon it of $642.13, which mortgage indebtedness the defendant knew at the time of the sale, was more than the amount represented by the defendant to the plaintiff." Count 2 of the complaint was for money had and received. On these two counts and the plea of the general issue and estoppel issue was joined and the trial was had.

Count 4 is demurrable in that there is no allegation that plaintiff relied on the representation alleged to have been made by defendant. Wall v. Graham, 192 Ala. 396, 68 So. 298. The count is also demurrable in that it fails to allege the amount of damages to plaintiff by reason of the alleged misrepresentation.

The fourth count is also demurrable in that it fails to aver that plaintiff was induced to act to his prejudice by the false representation. Attalla Oil & Fertilizer Company v. Goddard, 207 Ala. 287, 92 So. 794.

██ Recovery for deceit may be had by waiving the tort and bringing an action for money had and received. Torbert v. McFarland, 172 Ala. 117, 55 So. 311. The fourth count being bad and subject to the demurrer, the cause would be subject to reversal but for the fact that count 2 is not subject to demurrer, and there being sufficient evidence to sustain this count the judgment will be referred to it. American Bankers' Ins. Co. v. O'Neal, 25 Ala. App. 559, 150 So. 562.

█ It is contended that no recovery can be had on count 2, because no demand was made for a return of the money. This was held in Sharkey v. Mansfield, 90 N. Y. 227, 43 Am. Rep. 161, but in that case the money had been paid by mutual mistake. Where the money was obtained by fraud or deceit, no demand is necessary.

█ We are also clear to the conclusion that the contract between plaintiff and defendant is not void under the statute of frauds. The deeds executed by both parties, although not delivered and the note executed by plaintiff payable to defendant, met every requirement of section 8034, Code 1923. Johnston v. Jones, 85 Ala. 286, 4 So. 748.

█ There is evidence tending to prove that in November, 1930, defendant represented to plaintiff that the mortgage debt due on the forty acres, which defendant then owned was $642.13; that on January 10, 1931, defendant represented to plaintiff that on this mortgage debt he had paid $45; that this representation was knowingly false and by reason of this representation defendant obtained from plaintiff a note for $45 payable in ninety days; and that this note was paid by plaintiff before he had knowledge of the fraud. There was also evidence tending to prove that plaintiff acted to his prejudice relying on the statement of defendant. True, defendant denied this, but the issue was for the jury, and the general charge as requested by defendant was properly refused.

The rulings of the court on the admission of testimony were either free from error or without injury to defendant's cause.

█ Refused charge "O" correctly states the law of this case and should have been given. The whole theory of plaintiff's case was that defendant had falsely represented to him the amount due on the mortgage on defendant's land. There was only one mortgage involved in the case, and therefore the charge could only have referred to it. The oral charge of the court did not sufficiently cover this point.

█ Refused charge "W" also states a correct proposition, but was covered by the court in his general charge.

Refused charge "K" invades the province of the jury. It is also argumentative.

For the error in refusing to give at the request of defendant written charge "O," the judgment is reversed, and the cause is remanded.

Reversed and remanded.