197 So. 46

## CITY OF BIRMINGHAM v. LYNCH.

### 6 Div. 405.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 19, 1940.

W. J. Wynn and John S. Foster, both of Birmingham, for appellant.

Chas. W. Greer, John Ike Griffith, and Henry L. Anderton, all of Birmingham, for appellee.

## PER CURIAM.

The appeal in this case is on the record, and raises the question as to the correctness of the ruling of the Court on demurrers to the complaint.

The complaint as originally filed consisted of four counts. Subsequently, the complaint was amended by the addition of seven counts designated "A", "B", "C", "D", "E", "F" and "G", and counts one to four, inclusive, were withdrawn.

Each of the amended counts stated separate and distinct causes of action, each claiming damages for an overflow of water occurring on a date different from any date named in any of the other counts of the complaint as amended.

Not any of the counts "A", "B", "C", "D", "E" and "F" contained an averment that prior to the institution of the suit the plaintiff filed with the City Clerk a sworn statement stating the damages claimed, character of the injuries, the date and place of the accident, and the street and house number where the plaintiff resided.

Count "G" did contain an averment that the required notice was given.

The appellant, by demurrer, filed separately and severally to each count in the complaint, pointed out the defect as to counts "A", "B", "C", "D", "E" and "F", in that there was a failure to allege that the notice or claim was filed with the City Clerk before the institution of the suit, as required by Statute.

The demurrer of the defendant filed to the complaint stated: "Now comes the defendant, City of Birmingham, a municipal corporation, and amends its demurrer heretofore filed to the plaintiff's complaint as amended, and to each count thereof, separately and severally, by adding the following additional grounds of demurrer, separately and severally," etc. Then follows the various grounds of demurrer assigned to each count of the complaint, including the ground raising the question as above indicated.

The ruling of the court on this demurrer, as appears from the minute entry, was: "It is ordered and adjudged by the court that said demurrer be and the same is hereby overruled." The cause then proceeded to judgment on a plea in short by consent with leave to give in evidence any matter as if the same had been specially pleaded.

Section 12 of an Act of the Legislature of 1915 (General Acts 1915, pp. 294, 298, § 12) provides: "No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

Each of the counts in the amended complaint claims damages for a separate act, and failing to allege that such claim had been filed with the City Clerk, as required by the above quoted Act, was subject to demurrer. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Barrett v. City of Mobile et al., 129 Ala. 179, 30 So. 36, 87 Am.St.Rep. 54; Ex parte First Nat'l. Bank of Montgomery, 206 Ala. 394, 90 So. 340; Ex parte, City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281.

The verdict of the jury was general and referable to either count in the complaint, and the overruling of demurrer to the bad counts constituted error.

We have consistently held, following our own decisions and the decisions of the Supreme Court, that if there is a good count in the complaint, although some of them may be bad, the judgment will be referred to the good count if there is evidence to sustain it, and the judgment will not be reversed for such error. American Bankers' Ins. Co. v. O'Neal, 25 Ala.App. 559, 150 So. 562; Bates v. Turney, 26 Ala.App. 98, 153 So. 782.

Since the adoption of Supreme Court Rule 45 (175 Ala. xxi), it has been consistently held that the burden is on the appellant to show to the Court that error, if committed, probably affected injuriously, substantial rights of the appellant; otherwise there can be no reversal.

In Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 67 So. 414, 415, Anderson, Chief Justice, speaking for the

Court, said: "It is also true that in cases where the error complained of relates to pleading alone, and the appeal is only upon the record, and there was no nonsuit, but a trial was had upon the facts and the merits, there should probably be a bill of exceptions showing that the errors complained of as to the ruling upon the pleading were involved upon the trial and were among the issues upon which the case was decided. For instance, error may be assigned by a defendant as to overruling a demurrer to a certain count of the complaint, * * * when, if a bill of exceptions is taken, it might appear that there was no proof offered in support of the complaint, and the general charge was given for him as to said count."

Further on in the same opinion it was said: "* * * where there is not a nonsuit, but a trial upon the merits, it is safer for the appellant to take a bill of exceptions, sufficient to show that the errors upon the pleading were probably prejudicial, and it will be noted that circuit court rule 32 (175 Ala. xxi), as it appears in the Code of 1907, has been amended so as to permit an appellant to set out enough in his bill of exceptions to meet the requirements of [Supreme Court] rule 45, so as to show, not only error, but probable injury."

The opinion in the Henderson case, supra, was severely criticised in the opinion of Mr. Justice Sayre in Pratt v. Birmingham Ry., Light & Power Co., 191 Ala. 638, 68 So. 151, wherein he undertook to point out that to apply Supreme Court Rule 45 in an appeal on the record without bill of exceptions would be to deny to the appellant his right of appeal. However, the other members of the Supreme Court did not agree with Sayre, Justice, and therefore his criticism of the opinion in the Henderson case, supra, is dictum and not to be followed by us.

█ We have, therefore, on this appeal a complaint in which there is one count not subject to demurrer and sufficient to sustain a judgment, if the facts in the case would warrant it. A trial by jury, a verdict of the jury returning a general verdict, a judgment upon said verdict and an appeal on the record without bill of exceptions showing error in the court's ruling on demurrer to certain counts, and under the authorities and in the absence of a bill of exceptions, we must presume that there was sufficient evidence to sustain the good count to which the verdict is referable.

Holding to the view, as above expressed, it becomes unnecessary for us to pass upon any of the other questions presented in this record.

The judgment is affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.