32 So.2d 244

**BRUSH et al. v. ROUNTREE.**

**1 Div. 540.**

Court of Appeals of Alabama.

June 24, 1947.

Rehearing Denied Sept. 2, 1947.

W. C. Taylor, of Mobile, for appellants.

Howell & Johnston, of Mobile, for appellee.

CARR, Judge.

The plaintiff below, appellee, here, stated his claim under three counts of the complaint. The first rested on a written contract to which a copy of the alleged agreement was attached. The second count is in code form on account, and the third also follows the form prescribed by the code for work and labor done.

Demurrers were interposed only to the first count. It is insisted here that the trial court committed reversible error in overruling these demurrers.

The cause was tried below by the court without the aid of a jury and resulted in a judgment in favor of the plaintiff.

■ It is not required that we decide whether or not the first count of the complaint was sufficient in averments against the demurrers that were interposed. The judgment can be supported by either of the remaining counts, which claim for the same amount as the count under attack.

Therefore, the judgment can be referred to a good count. In this state of the record the ruling of the court on the matter in question, if error, was without substantial injury to appellant's rights. Shannon v. Lee, 178 Ala. 463, 60 So. 99; Finney v. Newson, 203 Ala. 191, 82 So. 441; Fagan Peel Co. v. Harrison Co., 16 Ala.App. 470, 79 So. 144; City of Birmingham v. Lynch, 29 Ala.App. 242, 197 So. 46.

Assignments of error numbered 3, 4, 5, 6, 7, and 8 are predicated on the trial court's ruling on the evidence.

■ We are here confronted with a task comparable to that of this court in Lackey v. Thomas, 28 Ala.App. 302, 184 So. 262, 263: "So, it becomes necessary for us to review the rulings of the trial court upon the admission of testimony to see, first, if error was committed, and, if so, presuming injury by such error, does it affirmatively appear from a reading of the entire record that such error would not probably affect the decision or judgment of the lower court."

■ It could serve no good purpose to go into a detailed discussion of the matters at hand. We have carefully examined these insistences, and we are clear to the conclusion that when the entire record is taken into account, if there was error in any of these rulings, the final result of the case was not thereby affected. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Irwin v. Morrow, 19 Ala.App. 115, 95 So. 496; Curtis v. Riddle, 177 Ala. 128, 59 So. 47.

When the introduction of the evidence had closed, counsel for appellant stated: "That is all. That will be our case, but we do ask that you make a finding of the facts." The trial court did make a brief statement in support of his findings. At the conclusion of the court's statement, counsel "respectfully excepted to the judgment." No grounds of objections were interposed to the form or sufficiency of the finding of facts. Assignments of error take the position that the court erred in not making a finding of facts and also the find-

ing of facts is not sustained by the evidence.

These questions are before us in the aspect indicated above.

█ In the first place this was not a compliance with Title 7, Sec. 262, Code 1940, which provides that the request for a special finding of the facts must be in writing. Broadus v. Lindsey, 17 Ala.App. 342, 84 So. 776; American Ry. Exp. Co. v. McMinn, 19 Ala.App. 591, 99 So. 657.

█ This fault aside, we are not permitted to review the sufficiency of the finding of facts in the absence of objections thereto in the primary court. Shaw v. Knight, 212 Ala. 356, 102 So. 701; Green et al. v. Marlin et al., 219 Ala. 27, 121 So. 19.

█ There is no dispute in the evidence that the defendant below entered into a written agreement with the plaintiff below by the terms of which the latter was engaged to do some electrical wiring for a stipulated sum. It is not contended that the appellee failed in any manner to perform his part of the bargain. A portion of the charged price was paid, and it is the balance for which claim is made in this suit.

It appears that a dispute arose between the appellant and some co-interested parties over the proportionate part each should pay for the repairs. The contract was between the appellant and appellee, solely. There was evidence upon which the trial court could base a finding that the appellee had no control over or in any way became bound by the controversies arising out of interests which were foreign to the agreement he had with the appellant.

█ The rule which governs our function in cases tried without a jury is familiar and often applied. Stephenson v. Jebeles & Colias Conf. Co., 10 Ala.App. 431, 65 So. 314; Tullis v. Nachman & Meertief, 21 Ala.App. 257, 107 So. 224; Bryan v. Hunnicutt, 16 Ala.App. 187, 76 So. 471; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Finney v. Studebaker Corporation of America, 196 Ala. 422, 72 So. 54.

We entertain the view that the judgment of the nisi prius court is due to be affirmed. This is our order.

Affirmed.