35 So.2d 521

**HINKLE v. LATTA.**

**6 Div. 611.**

Court of Appeals of Alabama.
May 18, 1948.

J. T. Johnson, of Oneonta, for appellant.

567

568

Finis E. St. John and Ralph Bland, both of Cullman, for appellee.

CARR, Judge.

This cause is based on a common count for merchandise, goods and chattels sold, and on additional counts in which the terms of a written agreement and a breach thereof are alleged.

The case was tried by the court without the aid of a jury and resulted in a judgment in favor of the plaintiff.

It appears without conflict in the evidence that the parties litigant entered into the following written agreement:

"This contract entered into this the 19th day of Feby, 1945 by and between Joe Latta Party of the first part and J. H. Hinkle party of the second part, Whereas the party of the first part is selling about seven hundred bushels sweet potatoes to the party of the second part for the sum of One thousand and no/100 Dollars

($1000.00) party of the second part is to haul the above mentioned potatoes at his convenience and applying the proceeds of each load of potatoes upon the purchase price, party of the first part is to use diligent care in taking care of the potato house but does not guarantee against the loss by rot or fire."

The evidence in plaintiff's behalf tended to show that the potatoes were gathered and stored in his storage house; that the two contracting parties made an estimate that the total amount was about 700 bushels; but that in any event the purchaser was to take all that was in the house, and for which he was to pay $1000; that on the basis of this mutual understanding and agreement the contract was prepared and signed.

The defendant testified that about 12 bushels of the potatoes were decayed and discarded, and only 472 bushels remained. This estimate was made when he subsequently took the potatoes out of the house to haul to market. He claimed default in the contract in that the quantity was far short of that set out in the agreement. He paid the plaintiff $715 and refused to pay more. This suit is for the balance of $285.

■ It is not required that we make decision on the sufficiency of Counts 3 and 4 of the complaint as against the demurrers interposed thereto.

The evidence was admissible under the common count, and it is competent to sustain the judgment. Hill's Adm'r v. Nichols, 50 Ala. 336; Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203; Lehigh Portland Cement Co. v. Campbell, 27 Ala. App. 130, 166 So. 727; City of Birmingham v. Lynch, 29 Ala.App. 242, 197 So. 46.

■ Objections were interposed to some questions on the stated ground that the effect thereof would be to vary the terms of the written agreement. This inquiry related in the main to what was said between the parties, prior to the time the contract was executed, with reference to the trade. It is clear that the controversy arose over the estimate in the number of bushels of potatoes in the house. The true intent of the parties was pertinent and es-

sential. The rule was not violated when this was sought to be ascertained by parol evidence. Birmingham Waterworks Co. v. Windham, 190 Ala. 634, 67 So. 424; Chambers v. Ringstaff, 69 Ala. 140; Russell v. Garrett, 208 Ala. 92, 93 So. 711.

In brief, a determination of the dispute between the parties centered around conflicting factual issues. The trial court decided in favor of the plaintiff. His judgment in the matter will be given the force and effect of a jury verdict. Stephenson v. Jebeles & Colias Conf. Co., 10 Ala.App. 431, 65 So. 314; Tullis v. Nachman & Meertief, 21 Ala.App. 257, 107 So. 224; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Tennessee River Nav. Co. v. J. C. Jacobs Banking Co., 16 Ala.App. 288, 77 So. 438; Summers v. Dobbins, 31 Ala.App. 523, 19 So.2d 93.

The judgment of the lower court is ordered affirmed.

Affirmed.